Harry GIBSON et al., Plaintiffs-Appellants,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF DETROIT, Defendant-Appellee.

No. 74-1334.

United States Court of Appeals, Sixth Circuit.

Decided Oct. 17, 1974.

Lloyd E. Powell, Detroit, Mich., Allan Neef, Darden, Neef & Heitsch, Robert Houston, Harry Gibson, Detroit, Mich., for plaintiffs-appellants.

Robert C. Winter, Clark, Klein, Winter, Parsons & Prewitt, Warren D. Couger, Detroit, Mich., for defendant-appellee.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

LIVELY, Circuit Judge.

The plaintiffs in this action are the owners of real estate on which the defendant holds mortgages that are insured by the Federal Housing Administration (FHA). Each of the mortgages provides that the mortgagors will pay each month to the mortgagee a single payment which includes, in addition to accrued interest and principal sufficient to amortize the loan, an amount in escrow sufficient to pay FHA mortgage insurance premiums, taxes and special assessments and premiums on policies of fire and other hazard insurance covering the mortgaged premises as they come due. The complaint alleges that under federal regulations the defendant is only permitted to collect monthly from each mortgagor an amount equal to 1⁄12 of the estimated annual taxes, assessments, insurance premiums and other charges, but that the defendant has collected amounts in excess of 1⁄12 of the reasonable estimates of these charges. The complaint further charges that defendant has commingled amounts collected for escrow accounts with its other funds from which investments were made. The income earned on such investments, it is alleged, is retained by the defendant rather than being credited to the escrow accounts of the various mortgagors so as to reduce future escrow payments required to be made by them. It is contended that this results in unjust enrichment to the defendant.

Although it is claimed that the defendant was guilty of other wrongful acts which resulted in damage to the plaintiffs, only two substantive issues were presented to the district court: (1) the alleged collection of excessive escrow deposits, and (2) failure to account to mortgagors for the earnings of escrow funds invested by the defendant. The plaintiffs sought to have this case proceed as a class action under Rule 23(b), Fed.R.Civ.P. However, the District Judge ruled that there was no necessity to determine the class action issue upon his finding that the named plaintiffs had presented no basis upon which their individual claims for relief could be granted. The plaintiffs have not argued the class action issue on appeal.

In their complaint and the amendments thereto the plantiffs pled various statutory grounds of jurisdiction. The district court dealt with the issue of jurisdiction in a preliminary order and memorandum opinion.[1] Judge Feikens found that the district court had jurisdiction under 28 U.S.C. § 1337. This section confers jurisdiction on the district courts, without regard to a minimum amount, of all civil actions or proceedings arising under acts of Congress regulating commerce. Relying principally on Murphy v. Colonial Federal Savings and Loan Association, 388 F.2d 609 (2d Cir. 1967), the district court held that the commerce clause was a significant source of the power of Congress to regulate the savings and loan industry under the Home Owners' Loan Act of 1933 as amended, 12 U.S.C. § 1461 et seq. The Federal Home Loan Bank Board enacts regulations pursuant to 12 U.S.C. § 1464 which control many of the operations of federal savings and loan

---

1. Gibson v. First Federal Savings and Loan Association, 347 F.Supp. 560 (E.D.Mich.1972).

associations. Among these regulations is 12 CFR § 545.6–11, which provides in part:

A federal association may require that an equivalent of one-twelfth of the estimated annual taxes, assessments, insurance premiums and other charges on real estate security be paid in advance . . . to enable the association to pay such charges as they become due from the funds so received. . . .

At the time that determination of jurisdiction was made by the district court one of the claims being pressed by the plaintiffs was that the defendant had collected amounts in excess of ½₁₂ of the estimated requirements for the enumerated charges in violation of the provisions of the quoted regulation. (The first claim was subsequently stricken with the acquiescence of plaintiffs.) Under the reasoning of the *Murphy* case (see also Davis v. Romney, 490 F.2d 1360, 1365–1366 (3rd Cir. 1974)), the allegation that the defendant was acting in violation of a lawful regulation of the Federal Home Loan Bank Board which deals with mortgagor-mortgagee relationships was sufficient to confer federal jurisdiction. Insofar as the Federal Home Loan Bank Board determines to regulate relationships between federal savings and loan associations and their borrowing and investing members, consideration of such regulations by federal courts is most likely to produce uniformity.

The defendant admitted that upon receiving the monthly payment from each mortgagor it credited the various accounts, including the escrow account of each mortgage and then deposited the payment in one of two general fund bank accounts maintained by the association. It further admitted that portions of these accounts were invested in short-term securities and that the escrow accounts of the plaintiffs were not credited with any part of the earnings from such investments. The district court found that there was no genuine issue as to any material fact with respect to these activities of the defendant, and that the defendant was entitled to judgment as a matter of law. The court found that "[t]he escrow funds are used exclusively for the purpose for which they were received." The court concluded that no federal law required defendant to segregate escrow accounts or forbade the use of the escrow funds for investment.[2] In a later unpublished memorandum opinion (filed December 5, 1973) the district court held that the plaintiffs had "presented no basis on which relief can be granted."

■ The defendant urges us to reexamine the question of jurisdiction. Two regulations are relied upon by the plaintiffs in support of their claims concerning commingling and investment of escrow funds. FHA Regulation 24 CFR § 203.7(a)(3) merely provides that FHA may withdraw approval of any lending institution which uses escrow funds for any purpose other than that for which they were received. The other federal regulation relied on by plaintiffs, 24 CFR § 203.7(a)(2), deals with withdrawal of approval of non-supervised mortgagees for failure to segregate escrow funds received from mortgagors. This has no application to the claim of the plaintiffs since the defendant comes within the definition of a supervised institution in 24 CFR § 203.4(b) · and there is no regulation which requires supervised institutions to segregate escrow funds.

■ Unlike the regulation relied upon in Murphy v. Colonial Federal Savings and Loan Association, *supra,* and that relied upon by the district court in its memorandum opinion finding jurisdiction to hear the issue of alleged collection of excessive escrow deposits in this case, the two regulations which plaintiffs have cited in support of their second claim do not deal with relations between the plaintiffs as borrowing or investing members and the defendant as

2. Gibson v. First Federal Savings and Loan Association, 364 F.Supp. 614 (E.D.Mich.1973).

a lender or savings institution. Rather, these regulations were promulgated to enhance the security held by the defendant and to reduce the risk to FHA as insurer of mortgages. Nevertheless, though the court ultimately concluded that the federal regulations relied upon would not support a claim by the plaintiffs, this was a determination on the merits after a full evidentiary hearing and did not defeat jurisdiction. As the Supreme Court, speaking through Mr. Justice Black, stated in Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946):

> Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. (Citations omitted.)

See Brown v. Strickler, 422 F.2d 1000 (6th Cir. 1970). Thus we believe that the district court correctly determined that it had jurisdiction of the controversy, even though it subsequently found no basis in federal statutes or regulations for granting relief to the plaintiffs.

■ The district court correctly granted summary judgment in favor of the defendant on the second issue. None of the statutes or regulations relied upon by the plaintiffs imposed the duty upon the defendant which plaintiffs contend was violated. See Umdenstock v. American Mortgage and Invest-

ment Co., 363 F.Supp. 1375, 1379–1380 (W.D.Okl.1973), reversed on other grounds, 495 F.2d 589 (10th Cir. 1974); cf. Kinee v. Abraham Lincoln Federal Savings & Loan Association, 365 F. Supp. 975 (E.D.Pa.1973).

■ In briefs and oral argument the plaintiffs have quoted extensively from a Mortgagee's Guide issued by FHA and HUD and opinions of departmental counsel. It is not clear whether these materials were ever presented to the district court. In any event, such statements and opinions do not have the force or effect of regulations. Cf. Federal Housing Administration v. Morris Plan Company of California, 211 F.2d 756 (9th Cir. 1954). The plaintiffs also contend that the practices of the defendant violate the Truth in Lending Act, 15 U.S.C. § 1601 et seq. No claim based on this alleged violation was included in the pleadings or presented to the trial court. Thus we will not consider it other than to note in passing that 15 U.S.C. § 1605(e)(3) provides that escrows for future payment of taxes and insurance are not included in the computation of a finance charge in connection with mortgage loans.

■ In addition to the claims already discussed herein, the plaintiffs sought recovery for breach of an express contract, unjust enrichment and breach of fiduciary responsibility. The plaintiffs sought to litigate these claims under the court's pendent jurisdiction. However, the district court declined to exercise pendent jurisdiction with respect to these claims in view of its holding that the plaintiffs were not entitled to relief on their claims which were based on federal statutes and regulations. In the absence of a substantial federal claim related to asserted state claims in such a way that the entire action may properly be deemed one "case," federal courts do not have jurisdiction over purely state claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 59, 15 L.Ed.2d 58 (1966). Dismissal of all federal claims

before trial requires dismissal of state claims as well. *Id.* at 726, 86 S.Ct. 59. A state court is the proper forum for adjudication of issues of general law, particularly where questions of fiduciary relationships are involved.

The judgment of the district court is affirmed on the basis of the opinion reported at 364 F.Supp. 614.