680 F.2d 1384
 ALABAMA FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation,
Jefferson Federal Savings and Loan Association, a
corporation, Guaranty Savings and Loan Association, and
Martha D. Adams, Plaintiffs-Appellants,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, a
Delaware corporation, Defendant-Appellee.
 No. 81-7914.
 United States Court of Appeals,
Eleventh Circuit.
 July 22, 1982.
 
 Frank Dominick, William S. Pritchard, Jr., Donald H. Brockway, Jr., William S. Pritchard, III, Birmingham, Ala., for plaintiffs-appellants.
 Thomas W. Christian, Thomas A. Carraway, N. Lee Cooper, Birmingham, Ala., William P. Rogers, Rogers & Wells, Joseph Diamond, James N. Benedict, New York City, for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HILL and CLARK, Circuit Judges, and SCOTT*, District Judge.
 PER CURIAM:
 
 
 1
 Appellants attempted to assert below a private right of action under the Economic Recovery Tax Act of 1981, 26 U.S.C. § 128, and the Depository Institutions Deregulation Act, 12 U.S.C. § 3501 et seq., and certain regulations promulgated thereunder. Appellants claimed that Merrill Lynch violated these statutes and regulations by receiving a 1% brokerage commission for assisting California Federal in marketing All-Savers Certificates, by failing to give the notice which depository institutions are required to give in connection with their sale of the Certificates, and for not issuing All-Savers Certificates in $500 denominations.
 
 
 2
 The district court dismissed the claims, holding that these statutes by their terms did not establish private rights of action. After considering the legislative history of these Acts, the district court held that Congress had not intended to create a private right of action. We affirm.
 
 
 3
 In Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 2085, 45 L.Ed.2d 26 (1975), the Supreme Court set out a four-part test for finding an implied private right of action. The Supreme Court's most recent decisions make clear that the four factors are not entitled to equal weight, and that legislative intent is the principal factor in determining the existence of implied rights of action. TransAmerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); Touche Ross & Co. v. Redington, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). Accord, Till v. Unifirst Federal Savings and Loan Association, 653 F.2d 152 (5th Cir. 1981); Noe v. Metropolitan Atlanta Rapid Transit Authority, 644 F.2d 434 (5th Cir.), rehearing and rehearing en banc denied, 650 F.2d 284 (5th Cir. 1981).
 
 
 4
 We have carefully considered the legislative history involved and agree with the district court that the crucial Congressional intent element of the Cort v. Ash test has not been established.
 
 
 5
 We note that the district court in neither the final order of dismissal nor the memorandum opinion discusses Martha Adams. She was not added to the case caption. The district court referred to Adams indirectly on the record. The parties at oral argument seemed to agree that the district court's dismissal applied to Ms. Adams. Because of the confusion concerning this plaintiff, justice dictates that the dismissal of her action be without prejudice. Ms. Adams did not have a cause of action under the Acts of Congress relied on here. Nonetheless, this court does not believe she should be barred from a common law action against this defendant, if the future holds for her an adverse tax ruling on her ASC.
 
 
 6
 Therefore, the case is remanded to the district court for a modification of judgment as to Ms. Adams, but is in all other respects
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Charles R. Scott, U. S. District Judge for the Middle District of Florida, sitting by designation