EUREKA FEDERAL SAVINGS AND
LOAN ASSOCIATION, a federal
association, et al., Plaintiffs,

v.

Kenneth L. KIDWELL, et al.,
Defendants.

No. C–86–1245 WHO.

United States District Court,
N.D. California.

June 3, 1987.

Bartlett A. Jackson, Debra S. Belaga, Jane B. Wishner, Jackson, Tufts, Cole & Black, San Francisco, Cal., for plaintiffs.

Geoffrey Becker, Becker & Becker, Millbrae, Cal., for Gilliam.

Thomas J. O'Dowd, Los Gatos, Cal., Paul H. Dawes, Adam F. Gambel, John R. Foote, Thelen, Marrin, Johnson, Bridges, San Francisco, Cal., for Harris.

Bruce G. Spicer, Law Offices of Bruce G. Spicer, San Jose, Cal., for Keuper.

Joseph L. Alioto, Lawrence Alioto, Alioto & Alioto, San Francisco, Cal., for Kidwell.

Lauren R. Poplack, Hallinan & Poplack, and Daniel J. Furniss, Timothy F. Perry, Louise E. Ma, June D. Beltran, Khourie, Crew & Jaeger, San Francisco, Cal., for Jamieson.

## OPINION AND ORDER

ORRICK, District Judge.

In this case involving the Home Owners' Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461, *et seq.*, plaintiffs, Eureka Federal Savings and Loan Association, a federally chartered savings and loan association, and Eureka Financial Corporation and Eureka Mortgage Investment Company, two wholly-owned subsidiary California corporations (hereinafter collectively "Eureka"), charge certain of its former officers, directors, and employees with violating their fiduciary duties in the conduct of the internal affairs of Eureka. Defendants, by their Federal Rule of Civil Procedure 12(b)(1) motion, raise the threshold question as to whether or not this Court has jurisdiction over the subject matter of the complaint. For the reasons hereinafter stated, this Court holds

that although HOLA does not create an express or implied private right of action against defendants, Eureka has such a right under the federal common law and, therefore, this Court has subject matter jurisdiction.

I

Eureka's complaint alleges gross violations by defendants[1] of prudent lending practices committed during their tenure at Eureka and asserts the same four causes of action against each defendant: (1) breach of fiduciary duty; (2) violation of HOLA, the regulations promulgated thereunder, and memoranda "regulations" issued by the Federal Home Loan Bank Board ("Bank Board"); (3) negligence and mismanagement; and (4) waste. Eureka alleges that as a result of the defendants mismanagement of Eureka, it suffered substantial losses in excess of $100,000,000 and that only the infusion of more than $150,000,000 of capital into Eureka by the Federal Savings and Loan Insurance Corporation ("FSLIC") prevented the insolvency and failure of Eureka. *See* Declaration of Peter Pickslay, filed Oct. 9, 1986, at 2.

Defendants seek the dismissal of this action, arguing that under HOLA, there is neither an express nor implied private right of action, and that the general federal interest in the functioning of the federal savings and loan association system is insufficient to warrant the creation of federal common law. Defendants also assert that Eureka has an adequate remedy under state law and should be prevented from expanding federal law beyond its proper bounds.

A

The principles governing when a private right of action may be implied from the alleged violation of a federal statute have undergone significant transformation within the past ten years. Opportunities for the courts to judicially imply private rights of action, thus "smoothing out the rough

egdes" of federal legislation, have been severely restricted by the more recent decisions of the Supreme Court and the Ninth Circuit. *Fidelity Financial Corp. v. Federal Home Loan Bank,* 589 F.Supp. 885, 890 (N.D.Cal.1983), *aff'd* 792 F.2d 1432 (9th Cir.1986). *Accord In re Fortune Systems Securities Litigation,* 604 F.Supp. 150 (N.D.Cal.1984).

In 1975, the Supreme Court unanimously reversed its prior liberal approach to the implication of private rights of action in the case of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The Court ruled that four factors must be satisfied in order to support the implication of a private right of action: (1) the plaintiff must be "one of the class for whose *especial* benefit the statute was enacted"; (2) there must be some "legislative intent, explicit or implicit," to create such a remedy; (3) the implication of a private remedy must be "consistent with the underlying purposes of the legislative scheme"; and (4) the cause of action must not be one "traditionally relegated to state law, in an area basically the concern of the States, [such] that it would be inappropriate to infer a cause of action based solely on federal law." *Id.* at 78, 95 S.Ct. at 2088. Subsequently, the Court has restricted the implication of private remedies even further by telescoping the inquiry into the single paramount issue of whether Congress intended the implication of the private right of action. *See Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 377–78, 102 S.Ct. 1825, 1838–39, 72 L.Ed.2d 182 (1982).

The Ninth Circuit has also made clear that the focus of the *Cort* test is to be the intent of Congress. In *Osborn v. American Ass'n of Retired Persons,* 660 F.2d 740, 743 (9th Cir.1981), the Ninth Circuit refused to imply a private right of action on behalf of a group of employees seeking recovery for an alleged violation of an

---

**1.** Defendants are Kenneth L. Kidwell, Robert N. Harris, Allan R. Jamieson, Donald B. Keuper, and Walter Gilliam, Jr.

"equal pay" statute, stating that the "sole factor to be considered ... is whether Congress intended that the statute's provisions be enforced through private litigation." *Id.* As the concurrence points out, this establishes an even stricter standard than that apparently expressed in *Cort. Id.* at 747. The Ninth Circuit's chary view of the implication of private remedies for the violation of federal statutes was firmly reiterated in *Le Vick v. Skaggs Companies,* 701 F.2d 777 (9th Cir.1983). In *Le Vick,* the court denied an employee a private right of action to sue for a termination in contravention of a federal statute. The court stated that the focus of the analysis was "whether Congress intended to create a private right of action, *regardless* of its purpose in enacting the statute." *Id.* at 779 (emphasis added).

Eureka seeks to have the Court imply a private remedy for the violation of the provisions of HOLA, despite its acknowledgment that HOLA does not expressly approve or provide for a private remedy. The enforcement of HOLA and the regulations promulgated thereunder rests almost in its entirety with the Bank Board. *See* 12 U.S.C. § 1464(d). There are only two express provisions for a private right of action to enforce HOLA: (1) "any Federal savings and loan association or director or officer thereof" may bring an action against the *Bank Board,* but only with respect to a matter arising under § 1464, *see* § 1464(d)(1); and (2) in 1982, Congress amended § 1464 to add a new subsection entitled "(q)," [2] which expressly provided for a private civil remedy to obtain redress for certain unfair credit practices. Aside from these two remedies, Congress has failed to give any indication that it intended that there be a private right of action under the provisions of HOLA. As the Supreme Court held in *Middlesex*

*County Sewage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 15, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1981), the absence of a "strong indicia of a contrary congressional intent" compels the conclusion that "Congress provided precisely the remedies it considered appropriate." Congress has provided for two express private rights of action, and there is no indicia that Congress intended there to be others. Eureka has failed to present this Court with evidence of congressional intent or judicial authority justifying the implication of a private remedy for the violation of HOLA as set forth in its complaint.

In a similar situation, the issue of whether to imply a private remedy under HOLA was presented to the court in *First Hawaiian Bank v. Alexander,* 558 F.Supp. 1128 (D.Hawaii 1983). In *First Hawaiian Bank,* Chief Judge King noted that HOLA was amended in 1966 to expand the enforcement powers of the Bank Board; despite the power to do so, Congress neither mentioned nor provided for a private cause of action at that time. Thus, Judge King found that "in light of the more restrictive approach of *Cort* and its progeny, this court cannot imply a private cause of action for violations of HOLA and its accompanying federal regulations." *Id.* at 1131.

This Court notes that in the 1982 amendment to HOLA, Congress also had the opportunity to provide for, or indicate that it approved of, a private right of action to enforce the provisions of HOLA. Because Congress chose not to do so, and has nowhere else indicated any intent to do so, this Court is constrained from granting recognition to an implied private remedy in this action. In light of the authority of *Cort, Middlesex,* and *Le Vick,* the Court finds that there is no private right of action to enforce the provisions of HOLA in the

---

**2.** Subsection (q) prohibits federal savings and loan associations from practicing "tying arrangements." Tying arrangements are defined as arrangements that "extend credit ... or furnish any service ... on the condition or requirement ... that the customer obtain [or provide] additional credit, property or service from such" savings and loan. 12 U.S.C. § 1464(q)(1). The statute further provides that "any person may

sue for and have injunctive relief ... against threatened loss or damage by reason of a violation of paragraph (1)," or bring suit for "three times the amount of damages sustained." 12 U.S.C. § 1464(q)(2), (3). This recently-enacted section illustrates a clear congressional intent to create a specific and detailed private remedy for the enforcement of certain of the provisions of HOLA.

manner that Eureka seeks to do so under this complaint. Therefore, the Court dismisses Eureka's causes of action seeking to hold defendants liable for a violation of HOLA and/or the regulations promulgated thereunder.

### B

Alternatively, Eureka's complaint seeks to hold the defendants liable under federal common law for their alleged violations of their fiduciary duties. Despite Justice Brandeis' proclamation that "[t]here is no federal general common law," *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), the Supreme Court has since recognized the "need and authority in some limited areas [for the courts] to formulate ... 'federal common law.'" These instances "fall into essentially two categories: those in which a federal rule of decision is 'necessary to protect uniquely federal interests,' and those in which the Congress has given the courts the power to develop substantive law." *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 640, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981) (citations omitted). Eureka's complaint raises unique federal interests in the uniform regulation of the federally chartered savings and loan associations that can only properly be protected by the application of a federal rule of decision. Eureka's causes of action alleging a breach of fiduciary duty by the defendants, former officers, directors, and employees of Eureka, will be governed by the federal common law, which in turn serves as the basis for jurisdiction under 28 U.S.C. § 1331(a). *See Illinois v. City of Milwaukee,* 406 U.S. 91, 98–100, 92 S.Ct. 1385, 390–91, 31 L.Ed.2d 712 (1972).

The language of HOLA, as well as the history that lies behind its enactment, demonstrate that there is a strong federal interest in the uniform treatment of the federally chartered savings and loans associations. Congress initially enacted HOLA and its regulatory structure in response to a crisis in the nation's private home financing system. *See Glendale Federal Savings & Loan Ass'n v. Fox,* 459 F.Supp. 903, 908 (C.D.Cal.1978), *rev'd and remanded on other grounds,* 663 F.2d 1078 (9th Cir. 1981). This crisis had developed at least in part as a result of the inconsistent and ill-advised practices of the various states. As noted by the Ninth Circuit, "the states had developed a hodgepodge of savings and loan laws and regulations, and Congress hoped that [the Bank Board's] rules would set an example for uniform and sound savings and loan regulations." *Conference of Federal Savings & Loan Ass'ns v. Stein,* 604 F.2d 1256, 1258 (9th Cir.1979), *summarily aff'd,* 445 U.S. 921, 100 S.Ct. 1304, 63 L.Ed.2d 754 (1980), *citing* T. Marvell, *The Federal Home Loan Bank Board* at 26 (1969).

Under section 5(a) of HOLA, the Bank Board has been given "plenary authority" to prescribe rules and regulations for the creation and governance of federal savings and loan associations. *Fidelity Federal Savings & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 160–61, 102 S.Ct. 3014, 3026–27, 73 L.Ed.2d 664 (1982). Pursuant to this plenary authority, the Bank Board has promulgated comprehensive and detailed regulations that have largely, if not in fact completely, preempted the state regulation of federal savings and loan associations. *See id.* at 161–63, 166–67, 102 S.Ct. at 3026–27, 3029. These extensive regulations govern, among other things, "the types and amounts of loans, collateral required, repayment schedules, initial loan charges, ... [and] servicing of loans...." *Id.* at 167 n. 20, 102 S.Ct. at 3029 n. 20. In practice, the regulations promulgated by the Bank Board cover "all aspects of every federal savings and loan association 'from its cradle to its corporate grave.'" *Meyers v. Beverly Hills Federal Savings & Loan Ass'n,* 499 F.2d 1145, 1147 (9th Cir.1974), *citing California v. Coast Federal Savings & Loan Ass'n,* 98 F.Supp. 311, 316 (S.D.Cal.1951).

In keeping with this comprehensive legislative construction, and mindful of the overwhelming preponderance of federal interests implicated, other courts facing similar issues have concluded that federal common law governs the internal operation of federal savings and loan associations. In

*Rettig v. Arlington Heights Federal Savings & Loan Ass'n,* 405 F.Supp. 819 (N.D. Ill.1975), depositors in a federal savings and loan association filed a derivative action in state court against the association's directors, charging them with various breaches of their fiduciary duty. In the course of determining whether the complaint should be removed from state court, the court explained that:

> The consistency and universality inherent in applying a single federal standard to the federal savings and loan system, whether it be statutory, regulatory or derived from federal common law, is in keeping with the underlying objectives of the HOLA, which contemplates a uniform set of policies for federally chartered associations which does not vary with quirks of local law....
>
> Since only the Board may regulate or supervise the internal affairs of the defendant associations precluding any state interference and the fiduciary duties of directors and officers of federal savings and loan associations are matters relating to the internal affairs of the associations, only federal law may be applied to questions involving them.

*Id.* at 826 (citations omitted). The court in *Rettig* granted the petition for removal, finding that the complaint raised causes of action under federal as opposed to state law.

More recently, the court in *First Hawaiian Bank* considered a motion to dismiss a complaint against the former directors and officers of a failed a savings and loan association alleging, *inter alia,* breach of fiduciary duties. Though the failed savings and loan was not federally chartered, as is Eureka in the present action, it was federally insured and thus "subject to the same laws governing federal associations." *First Hawaiian Bank,* 558 F.Supp. at 1132. The plaintiff, an assignee of the failed savings and loan, sought to hold the former directors and officers liable for the alleged breach of their fiduciary duties under federal common law. Initially, the *First Hawaiian Bank* court noted that the Seventh Circuit had "analogized the FCUA [Federal Credit Union Act, 12 U.S.C.

§ 1751, *et seq.*] and HOLA in finding that 'uniquely federal interests' required formulation of common law remedies to govern the internal administration of extensively regulated federal institutions." *Id.* at 1132, *citing Barany v. Buller,* 670 F.2d 726, 734 (7th Cir.1982). After discussing the opinion in *Rettig* approvingly, the district court noted that other district courts had relied on the extensive regulation of federal savings and loans as compelling the use of federal common law to fill out the interstitial gaps in the legislative structure. *See City Federal Savings & Loan Ass'n v. Crowley,* 393 F.Supp. 644 (E.D.Wis.1975) (federal common law governs internal affairs of federal savings and loans, including fiduciary duties of officers and directors); *Beverly Hills Federal Savings & Loan Ass'n v. Federal Home Loan Bank Board,* 371 F.Supp. 306 (C.D.Cal.1973) (federal common law governs claims charging directors of federally chartered savings and loans with breaches of fiduciary duties). The court concluded that "the federal interest in uniform regulation of savings and loan associations supports recognition of a federal common law cause of action for breach of fiduciary duty." *First Hawaiian Bank,* 558 F.Supp. at 1132.

Defendants respond to the above authority by arguing that the recent opinion of the Ninth Circuit in *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,* 792 F.2d 1432 (9th Cir.1986), expressly invalidates the holdings of those cases. However, as Eureka points out, defendants fail to recognize two crucial distinctions between the *Fidelity Financial Corp.* decision and the authority discussed above. First, the Ninth Circuit in *Fidelity Financial Corp.* was faced with a suit brought by the parent corporation of a state-chartered savings and loan, alleging that the *Bank Board* had violated its fiduciary duty to the savings and loan member. In the cases discussed above, the courts were faced with suits brought against the *officers and directors* of the savings and loans, not suits against the Bank Board. Although HOLA shows the strong interest of the Congress in a uniform system of

regulation of the savings and loan industry, and empowers the Bank Board to promulgate extensive regulations governing the administration of the savings and loans towards that effect, the Ninth Circuit ruled that there was no "congressional authorization to federal courts to formulate substantive rules of decision governing the *Bank's* liability." *Fidelity Financial Corp.*, 792 F.2d at 1437 (emphasis added). The court was *not* faced with a complaint brought against former officers and directors seeking to hold them liable for the breach of *their* fiduciary duties, and thus did not consider whether federal common law would give rise to a private remedy for the improper internal administration of a federal savings and loan.

Second, the Ninth Circuit in *Fidelity Financial Corp.* was faced with a complaint involving a *state*-chartered thrift institution, rather than a federally-chartered savings and loan association. Consequently, that case involved the Federal Home Loan Bank Act ("Bank Act"), 12 U.S.C. §§ 1421–1449, as opposed to HOLA, 12 U.S.C. § 1461 *et seq.* Under the Bank Act, a "state-chartered institution is not subject to the same all-encompassing regulation 'from its cradle to its corporate grave,' as are federally chartered institutions" under HOLA. *Otero Savings & Loan Ass'n v. Federal Home Loan Bank Board,* 665 F.2d 279, 285 (10th Cir.1981) (citation omitted). The Ninth Circuit in *Fidelity Financial Corp.* was, therefore, not considering the same legislation, the same congressional intent, or the same unique federal interests as are bound up in this action. Accordingly, the Ninth Circuit did not discuss any of the cases relevant to the determination of this motion, and failed to indicate a view contrary to the one expressed by the above authority.

■ The factual and legal distinctions between Eureka's causes of action and those present in *Fidelity Financial Corp.* require the consideration of different state and federal interests, and compel different results. In this action, Eureka seeks to hold defendants liable for the breach of their fiduciary duties as officers and directors of Eureka, a federal savings and loan. The unique federal interest in the uniform administration of federal savings and loans, as evidenced by the comprehensive legislative mandate of HOLA and the "cradle to grave" regulation of those savings and loans, requires that a uniform federal decisional law govern the standards set for the fiduciary duties of the officers and directors. In light of the overwhelming preponderance of federal law, federal legislation, and unique federal interests implicated in the internal administration of the federal savings and loan associations, Eureka's causes of action alleging breach of fiduciary duties by defendants will be governed by federal common law.

However, Eureka's claims against defendants on grounds of negligence and waste will be governed by state law. Negligence and waste are areas traditionally left to the state courts and the application of state law; no federal statutes or regulations are applicable or preemptive. There is no unique federal interest involved in the creation or application of federal common law to those areas of liability, nor an interest in national uniformity that requires such. *See First Hawaiian Bank,* 558 F.Supp. at 1131. The Court will apply federal common law and state law to the appropriate claims under Eureka's complaint, and both types of claims will be tried in the same action. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## II

Accordingly,

IT IS HEREBY ORDERED that:

1. Eureka's causes of action seeking to hold defendants liable for the violation of HOLA, the regulations promulgated thereunder, and the memoranda issued pursuant thereto by the Bank Board, are dismissed as there is no private right of action to enforce HOLA recognized under federal law.

2. Defendant's motion to dismiss Eureka's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is denied. Eureka's com-

plaint pleads causes of action that will be governed by federal common law and, therefore, jurisdiction is proper under 28 U.S.C. § 1331(a).