846 F.2d 1320
 57 USLW 2001
 Leo TAYLOR; Bernice E. Taylor, individually and on behalf
of a class of individuals which is comprised of subclasses
seeking relief for the violations of the Homeowners Loan Act
of 1933, the conversion of the interest portion of
prepayments made under loans with the defendant, and the
excess deductions made to the escrow accounts and interest
thereon, Plaintiffs-Appellants,
v.
CITIZENS FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.
 No. 87-7406.
 United States Court of Appeals,
Eleventh Circuit.
 June 13, 1988.
 
 Najjar, Denaburg, Meyerson, Zarzaur, Max, Boyd & Schwartz, Marvin L. Stewart, Jr., Rodney A. Max, Thomas C. Najjar, Jr., Birmingham, Ala., for plaintiffs-appellants.
 Susan Blalock Anderson, Sirote, Permutt, McDermott, Slepian, Friend, Friedman, Held & Apolinsky, P.C., Birmingham, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before KRAVITCH, Circuit Judge, HENDERSON* and HENLEY**, Senior Circuit Judges.
 HENLEY, Senior Circuit Judge:
 
 
 1
 Leo and Bernice E. Taylor filed this suit on behalf of themselves and a putative class of persons holding mortgage loans against the Citizens Federal Savings and Loan Association, seeking compensatory and punitive damages for alleged violations of the Home Owners' Loan Act of 1933 (HOLA), 12 U.S.C. Secs. 1461 to 1468. Plaintiff Leo Taylor died after suit was filed, leaving Bernice E. Taylor as the only named plaintiff.
 
 
 2
 In 1958 the Taylors signed a thirty year promissory note payable to Citizens Federal's predecessor in interest and secured by a mortgage on the Taylors' home. The Taylors' complaint alleged that Citizens Federal violated regulations promulgated under HOLA. It was said that Citizens Federal violated 12 C.F.R. Sec. 545.34(b) by adding the interest for late or missed payments to the principal, thereby establishing a prohibited late charge. The Taylors further alleged that Citizens Federal failed to apply the full amount of prepayments to reduce the principal balance as required by 12 C.F.R. 545.35(c). Citizens Federal also allegedly violated former 12 C.F.R. 545.6-11 by improperly and unlawfully deducting from the Taylors' periodic installment payments amounts in excess of those required for purposes of escrow accounts set up to provide for insurance and property taxes. In addition to the HOLA claims, plaintiffs also asserted state causes of action for breach of contract, fraud, conversion, and breach of a fiduciary duty.
 
 
 3
 Citizens Federal responded to the complaint with a motion to dismiss, asserting that the district court lacked subject matter jurisdiction under 28 U.S.C. Sec. 1331 because HOLA does not provide for a private right of action. In response to the motion to dismiss, Taylor argued that HOLA granted her an implied cause of action, or, in the alternative, that the district court could fashion a federal common law remedy for violations of HOLA. The district court granted the motion and dismissed the complaint without prejudice to prosecution of non-federal claims. Taylor appeals. We affirm.
 
 
 4
 Our task is to search the Act and regulations for signs of congressional intent to create a private cause of action. E.g., Thompson v. Thompson, --- U.S. ----, 108 S.Ct. 513, 516, 98 L.Ed.2d 513 (1988); Alabama Federal Savings & Loan Ass'n v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 680 F.2d 1384, 1386 (11th Cir.1982). The analytical framework for this task is provided by the four factors set out in Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), and its progeny. In this case, however, we examine only the first two of the Cort factors, for if they do not support the implication of a private right of action, and here we conclude that they do not, then our inquiry is at an end. California v. Sierra Club, 451 U.S. 287, 297-98, 101 S.Ct. 1775, 1781-82, 68 L.Ed.2d 101 (1981); Till v. Unifirst Federal Savings & Loan Ass'n, 653 F.2d 152, 161 (5th Cir. Unit A Aug. 1981). The first factor is whether the plaintiff is "one of the class for whose especial benefit the statute was enacted ... that is, does the statute create a federal right in favor of the plaintiff?" Cort, 422 U.S. at 78, 95 S.Ct. at 2088 (internal quotation and citation omitted; emphasis by the Court). The second factor is whether there is any indication of legislative intent to create or deny a private remedy. Id.[1]
 
 
 5
 Taylor argues that the first Cort factor is satisfied because HOLA is designed to benefit a class of persons of which she is a member. This argument fails to recognize the specificity with which a statutory right must be granted in order to satisfy the "especial benefit" test of Cort. In Cannon v. University of Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), upon which Taylor relies, the Court found an implied right of action in language providing that "[n]o person in the United States shall, on the basis of sex" be discriminated against in educational programs receiving federal funds. Id. at 681, 709, 99 S.Ct. at 1949, 1964. In his opinion for the majority, however, Justice Stevens cautioned that "[t]here would be far less reason to infer a private remedy in favor of individual persons if Congress, instead of drafting Title IX with an unmistakable focus on the benefited class, had written it simply as a ban on discriminatory conduct by recipients of federal funds or as a prohibition against the disbursement of public funds to educational institutions engaged in discriminatory practices." Id. at 690-93, 99 S.Ct. at 1954-55. While HOLA does evidence a desire on the part of Congress to benefit the public by providing for "local mutual thrift institutions ... in order to provide for the financing of homes ...," 12 U.S.C. Sec. 1464, the statute does not explicitly confer a right directly upon any particular class of persons. Cannon, 441 U.S. at 690 n. 13, 99 S.Ct. at 1954 n. 13; Centel Cable Television Co. v. Admiral's Cove Associates, 835 F.2d 1359, 1362 (11th Cir.1988). Rather, it benefits anyone who wishes to invest in a thrift institution or finance a home. A provision benefitting the public in general is to be distinguished from one enacted for the especial benefit of a particular class. See California v. Sierra Club, 451 U.S. at 297-98, 101 S.Ct. at 1781-82; Cannon, 441 U.S. at 692 n. 13, 99 S.Ct. at 1955 n. 13 (Supreme Court "especially reluctant to imply causes of actions under statutes that create duties on the part of persons for the benefit of the public at large."). Although the regulations[2] upon which Taylor relies undoubtedly offer a measure of protection to home loan borrowers, the Supreme Court has stated that, merely because a statute protects certain individuals, it does not necessarily mean that it also gives rise to an implied cause of action. Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 24, 100 S.Ct. 242, 249, 62 L.Ed.2d 146 (1979).
 
 
 6
 Taylor's reliance on King v. Edwards, 559 F.Supp. 75 (N.D.Ga.1982), is misplaced. There the court held that ousted directors of a savings and loan association had a private right of action under proxy solicitation regulations promulgated pursuant to HOLA for equitable relief against the remaining and newly elected directors who allegedly issued misleading proxy solicitation materials. While we are not reviewing the merits of King, we observe that it is distinguishable from the case before us. In King, the trial judge relied largely on a 1974 amendment to HOLA directing the Federal Home Loan Bank Board to " 'issue substantially similar regulations to regulations and rules issued by the [Securities and Exchange Commission] ...' for purposes of enforcing certain provisions of the [Securities Exchange Act of 1934], including the proxy solicitation provisions, against institutions insured by the Federal Savings and Loan Insurance Corporation.... 15 U.S.C. Sec. 781(i)." King, 559 F.Supp. at 83 (first brackets in original). Because the Supreme Court had found an implied cause of action for improper proxy solicitation under the Securities Exchange Act at the time of the amendment, the King court found it "logical to assume that Congress intended a private right of action to exist under FHLBB rules" promulgated under HOLA. Id. Taylor does not explain how it would be also logical to assume that the proxy solicitation rules evidence an intent on the part of Congress to provide a private cause of action to savings and loan patrons.
 
 
 7
 Thus, Taylor's argument does not clear the first hurdle placed in her path by Cort, as HOLA's express language does not explicitly confer a federal right directly upon a class of which she is a member.
 
 
 8
 We next turn briefly to an examination of the legislative history for indications of congressional intent to create a private cause of action. Cannon, 441 U.S. at 694, 99 S.Ct. at 1956. We have added our labors to those of the district court and likewise have searched the legislative history in vain for any substantial support for Taylor's contentions. In fact, appellant does not place any reliance on the legislative history, but relies instead on language from Cort stating that when "it is clear that federal law has granted a class of persons certain rights, it is not necessary to show an intention to create a private cause of action...." 422 U.S. at 82, 95 S.Ct. at 20 (emphasis by the Court). This language does not apply to the present case, as our preceding discussion has made clear that HOLA does not grant certain rights to plaintiff's particular class of persons.
 
 
 9
 Taylor further argues that the lack of an extensive statutory scheme for enforcement of the Act also supports recognition of a private remedy. However, the former Fifth Circuit expressly found that the administrative scheme of enforcement provided in HOLA "is strong evidence that Congress intended the administrative remedy to be exclusive."[3] Till v. Unifirst Federal Savings & Loan Ass'n, 653 F.2d at 160.[4]
 
 
 10
 Taylor cites to us cases from the Second and Sixth Circuits upholding a private right of action under HOLA, Gibson v. First Federal Savings & Loan Ass'n, 504 F.2d 826, 828-29 (6th Cir.1974); Milberg v. Lawrence Cedarhurst Federal Savings & Loan Ass'n, 496 F.2d 523, 525 (2d Cir.1974); Murphy v. Colonial Federal Savings & Loan Ass'n, 388 F.2d 609, 612-14 (2d Cir.1967). Those decisions were handed down before Cort was decided, and they do not undertake anything like the analysis subsequently required by Cort and the line of cases that follow it. See Eureka Federal Savings & Loan Ass'n v. Kidwell, 672 F.Supp. 436 (N.D.Cal.1987); First Hawaiian Bank v. Alexander, 558 F.Supp. 1128 (D.Hawaii 1983) (both refusing to find an implied cause of action under HOLA in light of Cort and its progeny). Because we find no express language or other evidence of congressional intent to provide a private right of action, we must affirm the district court on this issue.
 
 
 11
 Nor can we agree with Taylor that her case is governed by federal common law. The factors to be weighed in determining the applicability of federal common law include:
 
 
 12
 congressional intent; the extent to which the right asserted is a creature of congressional enactment; whether the area of activity involves essential government functions; whether the effectiveness of federal law or of a federal program demands a uniform national rule; whether the asserted right, duty, or status is created by the state; and whether following state law would frustrate a federal policy.
 
 
 13
 Local Division 732, Amalgamated Transit Union v. Metropolitan Atlanta Rapid Transit Authority, 667 F.2d 1327, 1345 (11th Cir.1982) (hereinafter MARTA).
 
 
 14
 In MARTA we held that a union had neither an implied nor a federal common law cause of action to enforce protective agreements in a contract with the Transit Authority, notwithstanding that federal law conditioned MARTA's receipt of federal funds on the inclusion of the protective agreements in its contract with the union. Id. at 1329, 1344-45. The same result obtains here. Taylor's claims essentially arise from her contractual relationship with Citizens Federal, and we discern no paramount federal interest in policing that relationship. See Eureka Federal Savings & Loan Ass'n, 672 F.Supp. at 441 (no unique federal interest under HOLA in areas traditionally left to state law).
 
 
 15
 As indicated, we hold that the district court properly granted the defendant's motion to dismiss, and without prejudice to prosecution of non-federal claims in any court of competent jurisdiction, the district court's judgment is AFFIRMED.
 
 
 
 *
 See Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 The remaining factors, which we do not discuss, are whether the remedy would be consistent with the legislative purpose, and whether the cause of action is one traditionally relegated to state law. Cort, 422 U.S. at 78, 95 S.Ct. at 2087
 
 
 [2]
 Citizens Federal does not appear to dispute that the regulations at issue have the force of law. See Smith v. Russellville Production Credit Ass'n, 777 F.2d 1544, 1547-48 (11th Cir.1985), distinguishing regulations that have the force of law from those that do not. However, we do not reach the question of legal force as our disposition of the case makes it unnecessary
 
 
 [3]
 The enforcement scheme includes authority by the Federal Home Loan Bank Board to issue cease and desist orders, 12 U.S.C. Sec. 1464(d)(2)(A); to terminate unsafe or unsound practices, Sec. 1464(d)(4); to impose monetary penalties, Sec. 1464(d)(8)(B); and to require affirmative action to remedy violations, Sec. 1464(d)(2)(A). Till, 653 F.2d at 160 & nn. 17-20
 
 
 [4]
 Till was decided by the Fifth Circuit, Unit A, prior to October 1, 1981, and is therefore binding on us. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981)