## CIRCUIT COURT OF FAIRFAX COUNTY

Eastern Savings Bank

v.

Sulgrave Associates et al.

July 3, 1989

Case No. (Chancery) 109842

By JUDGE JOHANNA L. FITZPATRICK

This matter is before the Court on defendant's Demurrer to the Bill of Complaint. For the following reasons, the Demurrer is sustained in part and overruled in part.

The defendants have set forth in this memoranda several grounds in support of their Demurrer. Each ground is addressed individually below.

The defendants initially claim that under Virginia Code § 8.01-33, this Court lacks equity jurisdiction over this matter. That section provides:

> A court of equity shall not have jurisdiction of a suit upon a bond, note, or writing, by an assignee or holder thereof, unless it appears that the plaintiff had not had an adequate remedy thereon at law.

The Bill of Complaint requests relief in the form of a declaratory judgment as to plaintiff's rights to the escrow funds and a permanent injunction ordering the escrow agent to release those funds.

The Court agrees with the defendants that this suit is essentially a suit for breach of contract which is properly brought on the law side of the Court. The injunction sought is unnecessary, since an order of this Court

determining rights to the funds would provide the relief plaintiff seeks. Under the terms of the escrow agreement, both parties are bound by such a determination. Accordingly, the Demurrer is sustained on this ground. However, the Court orders transfer of this matter to the law side pursuant to Virginia Code § 8.01-270, and therefore, the suit may go forward. The plaintiff's request for injunctive relief is stricken.

Defendants have asserted several other substantive arguments on demurrer. First, they assert that the plaintiff's claim to 50% of the proceeds from the sale of the subject property is a claim to an ownership interest in real estate which is illegal and unenforceable under federal law. Since there is no express statutory authority granted by the Home Owners Loan Act of 1933 (HOLA), which governs federal savings banks, to take such equity interests in real estate, the defendants argue the plaintiff has no such power. Supporting this argument is a federal regulation promulgated pursuant to HOLA by the Federal Home Loan Bank Board (FHLBB) which states:

> Federal associations lack the statutory authority to acquire an equity interest either in real estate or in a corporation . . . [They] . . . cannot, as part of a loan transaction, acquire an ownership interest in the security property or in a corporate borrower. (12 C.F.R. Sect. 555.19(a)).

However, the FHLBB has determined that there are exceptions to this general prohibition and that federal savings banks may share in the income generated by security property which should not be considered an equity interest if "it in substance constitutes no more than a part of the compensation received for the use of the association's funds . . ." 12 C.F.R. § 555.19(b).

It is this exception upon which plaintiff relies in categorizing the claim of 50% of the net proceeds as a shared appreciation mortgage, which is merely additional interest or compensation, not an equity interest.

It is important to reiterate that the procedural posture at this point is upon a demurrer. The question before the Court is whether the facts as presented state

a cause of action. Many arguments presented by counsel are too fact-specific to be decided upon a demurrer. Further, the cases cited by both counsel in support of their respective positions are split in their interpretation of the federal regulations allowing such exceptions. In view of such split of authority, the Court declines to rule no cause of action has been pleaded. A defense of illegality may be more appropriately made in an answer. The Demurrer on this ground is overruled.

This Court further agrees with the plaintiffs that defendants have no standing to assert violations of the Home Owners Loan Act as a defense to plaintiff's claims. Defendants seek to distinguish their situation since they are not plaintiffs in this cause seeking to enforce a cause of action. However, regardless of which party asserts these violations, whether as a sword or a shield, it is only the FHLBB which has authority to enforce the HOLA and its own regulations. If the terms of the loan are prohibited, it would be the responsibility of the FHLBB to disgorge the plaintiffs of such profits. *See Taylor v. Citizens Federal Savings and Loan Ass'n*, 846 F.2d 1320 (11th Cir. 1988). To allow debtors to avoid loan obligations by asserting regulatory violations would impair the financial health and stability of the federal savings banks, the very result such regulations seek to prevent.

Defendants have cited federal Circuit Court cases in support of the proposition that HOLA does create private causes of action. *See Gibson v. First Federal Savings and Loan Ass'n.*, 504 F.2d 826 (6th Cir. 1974), and *Milberg v. Lawrence Cedarhurst Federal Savings and Loan Ass'n.*, 496 F.2d 523 (2d Cir. 1974). These cases were decided, however, before the U. S. Supreme Court case of *Cort v. Ash,*, 422 U.S. 66 (1975) and do not follow the rationale applied in that decision and the cases following it. *See Walker v. Cardinal Saving and Loan Ass'n.*, 690 F. Supp. 494 (E.D. Va. 1988), citing *Eureka Federal Saving and Loan Ass'n. v. Kidwell*, 672 F. Supp. 436 (N.D. Cal. 1987), *First Hawaiian Bank v. Alexander*, 558 F. Supp. 1128 (D. Haw. 1983), all refusing to find an implied cause of action under HOLA in light of *Cort.*

Defendants have also asserted as ground for demurrer that Eastern's claim of 50% of the net proceeds is based on an agreement between the defendant and First Maryland

which violates federal anti-tie-in statutes (12 U.S.C. Sect. 1464(q)(1)). Again, the authorities cited by both parties are split on the manner in which the federal anti-tie-in statutes are interpreted, i.e., as to what is an "unusual" practice in the banking industry and as to whether an anti-competitive effect is necessary to make those statutes applicable. Both parties have made factual distinctions to support their arguments, and I find that this is not an issue which may be decided on demurrer. Accordingly, the Demurrer is overruled on this ground.

In summary, the Demurrer is sustained only to the extent that this suit should be tried at law rather than at equity. This suit is ordered transferred to law pursuant to Virginia Code § 8.01-270. The remaining grounds for demurrer are overruled.