Maria DE JESUS CHAVEZ

v.

**LTV AEROSPACE CORPORATION and LTV Education Systems, Inc.**

No. CA 3–75–0607–C.

United States District Court,
N. D. Texas,
Dallas Division.

April 28, 1976.

Edward B. Cloutman, III, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., and Edward W. Dunbar, Christie, Berry & Dunbar, El Paso, Tex., for plaintiff.

Wilson W. Herndon and Boyd Waggoner, Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex., for defendants.

MEMORANDUM OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., Chief Judge.

Defendants LTV Aerospace Corporation and LTV Education Systems, Inc., have filed a motion to dismiss plaintiff's complaint for a) lack of subject matter jurisdiction, b) failure to state a claim upon which relief can be granted, and c) failure to allege the existence of necessary facts to comply with Rule 23, Federal Rules of Civil Procedure, with respect to plaintiff's class action allegations. Briefs in support of and in opposition to the motion were filed by the defendants and plaintiff. After having considered the jurisdictional question, the Court has concluded that the following order should be entered.

Plaintiff, bringing this suit on her own behalf and on behalf of all others similarly situated, alleges that defendants violated 20 U.S.C. § 1071, *et seq.,* the Higher Education Act of 1965, which governs the terms and conditions of the federally insured student loan program. Plaintiff alleges that defendants charged plaintiffs for items not authorized by the statutes and regulations promulgated pursuant thereto; that defendants charged plaintiffs sums not applied to their tuition but rather passed on to the lenders, and that these charges exceeded the maximum interest rate allowable for their student loans; and that defendants passed on the costs of making the loan to plaintiffs in the form of higher tuition charges or otherwise in violation of the federal statutes.

Plaintiff bases jurisdiction on 28 U.S.C. § 1337 and maintains that the Higher Education Act and regulations promulgated thereunder regulate commerce by setting the conditions for federal loan insurance, borrower eligibility, the payment of the federal interest subsidy, and the terms of student loans, including the maximum permissible rate of interest. Plaintiff also alleges jurisdiction pursuant to 28 U.S.C. §§ 2201–2202.

The basic issue to be decided is whether or not a private cause of action was created

or exists under the terms of 20 U.S.C. § 1071, et seq. While § 1082(a) provides for suits to be brought by or against the Commissioner of Health, Education and Welfare, neither the statutory language nor the legislative history provides an answer to the specific question at bar. Moreover, it appears that this is a case of first impression in the courts. Both parties have drawn analogies to other statutes which are silent with regard to the maintenance of a private cause of action. Some cases have interpreted various of these statutes as providing a private cause of action, *Gibson v. First Federal Savings and Loan Assoc. of Detroit,* 504 F.2d 826 (6th Cir. 1974), and *Partain v. First National Bank of Montgomery,* 467 F.2d 167 (5th Cir. 1972); and other cases have interpreted other similar statutes as not creating a private cause of action, *National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) and *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

■ The Court is of the opinion that the proper statutory analysis is set out in *Cort v. Ash, ibid.* Justice Brennan, writing for a unanimous Court, stated that several factors are relevant in determining whether a private remedy is implicit in a statute not expressly providing one:

> First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted, *Texas & Pacific Railroad Co. v. Rigsby,* 241 U.S. 33, 39 [36 S.Ct. 482, 484, 60 L.Ed. 874] (1916) (emphasis supplied)— that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? See, e. g. *National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. 453, 458, 460 [94 S.Ct. 690, 693, 694, 38 L.Ed.2d 646] (1974) (*Amtrak*). Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? See, e. g. *Amtrak, supra*; *Securities Investor Protection Corp. v. Barbour,* 421 U.S. 412

[95 S.Ct. 1733, 44 L.Ed.2d 263]; *Calhoon v. Harvey,* 379 U.S. 134 [85 S.Ct. 292, 13 L.Ed.2d 190] (1964). And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?
Id. at 95 S.Ct. 2087–88, 45 L.Ed.2d at 36.

■ The plaintiff maintains, and the Court agrees, that plaintiff is indeed "one of the class for whose *especial* benefit the statute was enacted." Student borrowers were a primary concern of the Higher Education Act of 1965. The Commissioner of Education is directed, in the Act's Statement of Purpose, 20 U.S.C. § 1071, to encourage the creation of state and private non-profit loan insurance programs, to provide a federal program of student loan insurance for lenders and students without access to state and private non-profit programs, to pay an interest subsidy on qualified loans, and finally, to guarantee portions of certain loans. The entire program is based on the needs of the student borrower and exists for his benefit.

■ A violation of these regulations by a lending or educational institution works an injury on the class the Act intended to protect. Under the Act, and its regulations, members of the class have a right to be charged within a given interest rate (20 U.S.C. Section 1077(b); 45 C.F.R. Section 177.6(a)), to have their individual loan monies not applied to certain purposes (45 C.F.R. Section 177.6(2)), to have the loan charges limited to given services (45 C.F.R. Section 177.6(d)), and to repay the loan under certain conditions (20 U.S.C. Section 1077(c)). The class is possessed of specific rights in a given field of commerce.

The opinion in *Cort, supra,* 95 S.Ct. at 2090, 45 L.Ed.2d at 39, took notice of such statutory rights in discussing the second factor:

> [I]n situations in which it is clear that federal law has granted a class of persons certain rights, it is not necessary to show an intention to *create* a private cause of

action, although an explicit purpose to *deny* such cause of action would be controlling. (emphasis original)

Neither the language of the statute nor the legislative history shows an explicit congressional purpose to deny the plaintiff her cause of action. The transaction between the lender and student is regulated by a much broader law than is that of the borrower and lender in the traditional mercantile setting. The rights afforded the student borrower are correspondingly broader. The plaintiff being possessed of statutorily defined rights, the second factor in a *Cort v. Ash* analysis is answered by the undisputed finding that Congress made no explicit attempt to deny jurisdiction. .

▮ The third factor of consistency with the underlying purpose of the legislative scheme is achieved by implying a private remedy in the case at bar. The maintenance and regulation of interest subsidies and loan guarantees for student borrowers can and should be advanced by vigorous prosecution of claims such as plaintiff's claim, since obviously the Commissioner cannot investigate and prosecute every violation within his area of expertise.

▮ Violations arising under the federal regulation of commerce are not "traditionally relegated to state law . . . ." *Id.*, 95 S.Ct. at 2088, 45 L.Ed.2d at 36. Because the student loans are regulated, guaranteed, and, in many cases, subsidized, by the Federal Government, it is appropriate that a Federal forum determine the outcome of the instant claim on the merits. The fourth question asked in *Cort*, therefore, must be answered in favor of implying a private remedy.

▮ Once a determination is made that plaintiff has a private remedy available and may sue for damages under the 20 U.S.C. § 1071, *et seq.*, it is clear that 28 U.S.C. § 1337 provides jurisdiction to the district courts to hear the suit. Provisions regulating commerce exist throughout the Higher Education Act and regulations promulgated

pursuant to it. Its provisions regulate which financial institutions may make student loans under the terms of the Act; regulate the maximum interest chargeable, 45 C.F.R. 177.6(a); regulate the type of charges the institution may make in connection with the loans, 45 C.F.R. 177.6(e); and regulate the procedure by which banks may make these loans, 45 C.F.R. 177.41, *et seq.* And, it goes without saying, that the Act is national in scope.

Since the Court is convinced that jurisdiction is provided by 28 U.S.C. § 1337, the Court feels that it is unnecessary to discuss the questions of jurisdiction under 28 U.S.C. §§ 2201–2202.

▮ For the purposes of defendants' contention that plaintiff's complaint fails to state a claim upon which relief can be granted, it must be assumed that the claims made in the complaint are valid. The Court, in construing the complaint in the light most favorable to the plaintiff, is not of the opinion that the plaintiff can prove no set of facts which would entitle her to relief. If the facts stated in the complaint are true, then plaintiff is clearly entitled to relief pursuant to the protections contained in 20 U.S.C. § 1071, *et seq.* Defendants' motion to dismiss on this basis is overruled.

▮ With regard to the class action aspect of this case, defendants contend that plaintiff has not alleged facts sufficient for proceeding in this matter as a class action. Plaintiff maintains that by means of notice pleading plaintiff has set out a) her cause of action, and b) the basic requirements of Rule 23, FRCP. The threshold inquiry is not whether plaintiff will prevail on the merits but rather whether she has pled the requirements of Rule 23. *Miller v. Mackey International, Inc.*, 452 F.2d 424 (5th Cir. 1971). The Court will consider the matter of certification of the class alleged to exist by plaintiff at a later date.

For the foregoing reasons, the Court is of the opinion that defendants' motion to dismiss should in all things be overruled.