Beth HUDSON, Plaintiff,

v.

The ACADEMY OF COURT REPORTING, INC., et al., Defendants.

No. C2–89–794.

United States District Court, S.D. Ohio, E.D.

June 14, 1990.

John Jackson, for plaintiff.

Thomas Marotta, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court upon a motion for dismissal of plaintiff's Complaint on the ground that the plaintiff's Complaint fails to state a claim upon which relief can be granted and that this Court does not have subject-matter jurisdiction over the claims alleged. The motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(h)(3), respectively.

### FACTS

Plaintiff filed a Complaint on September 26, 1989, alleging that Defendant Ohio Academy of Court Reporting failed to deliver to Plaintiff the remaining loan proceeds from a federally guaranteed loan. By way of background, the plaintiff was a student at the Academy of Court Reporting. To finance her education the plaintiff was encouraged to and ultimately did fill out and sign guaranteed student loan forms. The loans were approved and the loan funds were forwarded directly to the financial institution. The plaintiff's educational fees were paid, per quarter, from the loan funds held by the defendant.

The plaintiff contends that she was not permitted to receive any funds or draw from her account with the defendant until her entire education was paid, and at no time was she permitted to charge supplies to her account. At some point after having begun the program, the plaintiff became disillusioned with the education she was

receiving from the defendant. The plaintiff filed the Complaint alleging the failure to return the loan proceeds as a violation of 34 C.F.R. 682.604(d), thus providing federal jurisdiction. Six additional pendent jurisdiction claims are included in the Complaint.

For purposes of this motion the only issue before this Court is whether the plaintiff, a private individual, has standing to bring the suit in this Court.

## DECISION

■ The object of a motion to dismiss is to test the sufficiency of the pleadings. All well pleaded facts are taken as true and the complaint is liberally construed in favor of the party opposing the motion. *L'Orange v. Medical Protective Co.*, 394 F.2d 57, 59 (6th Cir.1968). However, such a motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Essentially, the basis for the motion from Defendant is an argument that neither the Higher Education Act of 1965, 20 U.S.C. § 1001 et seq., nor the related regulations provide a private right of action. It is uncontroverted that the case *sub judice* is being brought by a private individual. Furthermore, the parties are in agreement that the relevant law does not *expressly* provide a right for the plaintiff to bring this action before this Court. Without an expressed right of action it becomes incumbent upon the plaintiff to show that an *implied* right of action exists. *Superintendent of Insurance v. Bankers Life and Casualty Co.*, 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971); *Howard v. Pierce*, 738 F.2d 722 (6th Cir.1984).

The parties are also in agreement as to the standard for determining whether an implied private right of action exists under a federal statute. Both the plaintiff and the defendant cite to *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), which provides as follows:

In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," *Texas and Pacific R. Co. v. Rigsby*, 241 U.S. 33, 39 [36 S.Ct. 482, 484, 60 L.Ed. 874] (1916) (emphasis supplied) —that is, does the statute create a federal right in favor of plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? *See, e.g., National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 458, 460 [94 S.Ct. 690, 693, 694, 38 L.Ed.2d 646] (1974) (Amtrak). Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? *See, e.g., Amtrak, supra; Securities Investor Protection Corp. v. Barbour*, 421 U.S. 412, 423 [95 S.Ct. 1733, 1740, 44 L.Ed.2d 263] (1975); *Calhoon v. Harvey*, 379 U.S. 134 [85 S.Ct. 292, 13 L.Ed.2d 190] (1964). And, finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law? *See, Wheeldin v. Wheeler*, 373 U.S. 647, 652 [83 S.Ct. 1441, 1445–46, 10 L.Ed.2d 605] (1963); *cf. J.I. Case Co. v. Borak*, 377 U.S. 426, 434 [84 S.Ct. 1555, 1560–61, 12 L.Ed.2d 423] (1964); *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 394–395 [91 S.Ct. 1999, 2003–04, 29 L.Ed.2d 619] (1971); *Id.*, at 400 [91 S.Ct. at 2006–07] (Harlan, J., concurring in judgment).

*Id.* at 78, 95 S.Ct. at 2088. It is clear that merely because a federal statute has been violated and some person or entity is harmed does not necessarily mean that a private cause of action exists in favor of those harmed. *See, e.g., Cannon v. University of Chicago*, 441 U.S. 677, 688, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979). The test provided for in *Cort* must provide said implied private cause of action in the absence of an expressed statutory right. As such, the four factors are not granted equal weight, as the second and third

factors are traditionally more heavily relied upon in deciding whether to infer a private cause of action. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 145, 105 S.Ct. 3085, 3091–92, 87 L.Ed.2d 96 (1985); *Transamerica Mortgage Advisors v. Lewis,* 444 U.S. 11, 23–24, 100 S.Ct. 242, 249, 62 L.Ed.2d 146 (1979); *Touche–Ross & Co. v. Redington,* 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2488–89, 61 L.Ed.2d 82 (1979) ("language and focus of the statute, its legislative history, and its purpose"). Since the Supreme Court's decision in *Cort,* it has repeatedly held that the critical inquiry is the intent of Congress. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 377–78, 102 S.Ct. 1825, 1838–39, 72 L.Ed.2d 182 (1982).

■ Plaintiff supports her contention that a private cause of action exists with the persuasive precedent found in *DeJesus Chavez v. LTV Aerospace Corporation,* 412 F.Supp. 4 (N.D.Tex.1976). In that case the Court was called upon to decide whether a private cause of action exists under the terms of 20 U.S.C. § 1071, et seq. The plaintiff maintained and the Court agreed, that the plaintiff was indeed "one of the class for whose *especial* benefit the statute was enacted." The Court believed that student borrowers were a primary concern of the Higher Education Act of 1965. As such, the plaintiff satisfied the first part of the *Cort* test and was held to have a private cause of action. The Court stated, "[t]he entire program is based on the needs of the student borrower and exists for his benefit". *Id.* at 6.

The Court in *DeJesus Chavez* goes on to apply the remaining three parts of the *Cort* standard, finding that the second factor is satisfied in that Congress did not "[make an] explicit attempt to deny jurisdiction." This form of proof through absentia is reserved for only those "situations in which it is clear that federal law has granted a class of persons certain rights." The Court further provided that "... it is not necessary to show an intention to *create* a private cause of action, although an explicit purpose to *deny* such cause of action would be controlling." *DeJesus Chavez,* at 6–7, citing, *Cort, supra,* at 82, 95 S.Ct. at 2089–

90 (emphasis in original). This Court is not convinced that it was "clear that federal law had granted a class of persons certain rights" in the *DeJesus Chavez* case or in the case *sub judice.* To clearly find the existence of such a right, the *Cort* decision provides that "in those situations in which we have inferred a federal private cause of action not expressly provided, there has generally been a *clearly articulated* federal right in the plaintiff, *e.g., Bivens v. Six Unknown Federal Narcotics Agents, supra,* (emphasis added), or a pervasive legislative scheme governing the relationship between the plaintiff class and the defendant class in a particular regard, *e.g., J.I. Case Co. v. Borak, supra.* It is difficult to determine where the *DeJesus Chavez* Court found a "clearly articulated federal right" upon a reading of the statute itself. Instead, it would appear the Court inferred a right based on its conclusion that the "[s]tudent borrowers were a primary concern of the Higher Education Act of 1965." *DeJesus Chavez,* at 6. This Court believes that such a finding is too broad.

In response to plaintiff and in support of the argument that no private cause of action exists, the defendant cites the case of *Phillips v. Pennsylvania Higher Ed. Assistance Agency,* 497 F.Supp. 712 (W.D.Pa. 1980), rev'd on other grounds, 657 F.2d 554 (3rd Cir.1981), *cert. denied,* 455 U.S. 924, 102 S.Ct. 1284, 71 L.Ed.2d 466 (1982). In that case the District Court held that "[a] statute such as the Higher Education Act with many beneficiaries must be analyzed in terms of the provisions alleged to be the basis of action." Essentially, by stating that, the Court has found the holding in *DeJesus Chavez* to be overly broad. The *Phillips* Court found that the proper application of the first part of the *Cort v. Ash* test is to determine if the relevant rule or statute itself is one in which the plaintiff is "one of the class for whose *especial* benefit the statute was enacted." *DeJesus Chavez* simply found that the entire Higher Education Act provided the plaintiff with an implied right to bring suit, rather than looking at the specific relevant section of the Act. Nonetheless, the *Phillips* Court

interpreted the holding in *DeJesus Chavez* to have analyzed the specific relevant code section and to have concluded that the student has standing since the relevant code section dealt with the applicable interest rate which obviously effects the student that repays the loan. However, nowhere in the *DeJesus Chavez* opinion was such a specific finding made.

With that in mind, the *Phillips* Court in analyzing its own case looked at the specific terms of the provision alleged to be the basis of the action, to wit: the due diligence provision requiring banks to exercise due diligence in pursuing defaulted loans rather than simply relying on the federal guarantee. The Court found that the due diligence provision was put in place to benefit the federal government and therefore the plaintiff did not have a private cause of action. This Court is inclined to follow the *Phillips* Court's line of reasoning in determining whether a private cause of action exists; wherein the relevant statute or regulation itself is analyzed to determine if such a right exists.

Since the decision in the two cases cited by both the plaintiff and defendant, the case of *St. Mary of the Plains College v. Higher Education Loan Program of Kansas, Inc.*, 724 F.Supp. 803 (D.Ks.1989) (Lexis, Genfed Library, Courts file) has been decided. In *St. Mary* the Court recognized that the only decision finding any private cause of action under these statutes was *DeJesus Chavez v. LTV Aerospace Corp.* The Court in *St. Mary*, further noted the holding in *Phillips*, and cited how the *Phillips* Court distinguished the *DeJesus Chavez* holding. The Court also noted that in a related student financial assistance program, the federal College Workstudy program, 42 U.S.C. § 2751 et seq., two other courts found no implied private cause of action on behalf of the student. *See, Student Govern. v. Wilberforce University*, 578 F.Supp. 935 (S.D.Ohio 1983) (Rice, J.) and *Murphy v. Villanova University*, 547 F.Supp. 512 (E.D.Pa.1982), *aff'd*, 707 F.2d 1402 (3rd Cir.1983). It was against that backdrop that the court declared it was unable to infer congressional intent to create a private remedy. It is clear that the

Court did not adopt the *DeJesus Chavez* holding that the Higher Education Act of 1965 in and of itself provides a private cause of action. However, it would also appear that the Court did not follow the logic of *Phillips*. Rather, the Court in *St. Mary* seems to have simply followed the evolving trend of denying a private cause of action.

In the matter at hand, and in applying the *Phillips* rationale, it is the language contained in 34 CFR § 682.604(d) that is to be scrutinized to determine if a federal right exists. Essentially the regulation dictates when and how the loan proceeds held by the educational institution are to be applied. In reviewing the rule, it is clear that the intent of the Legislature was to protect the government and the lending institution from the misapplication of the loan proceeds toward purposes not intended and unrelated to education. Therefore, this Court, in applying the *Phillips* line of reasoning and scrutiny, concludes that the regulation was not enacted to benefit the plaintiff, and thus it does not create a federal right in favor of plaintiff. The plaintiff is unable to indicate a clearly articulated federal right and instead relies solely on the holding in *DeJesus Chavez*. This Court believes the holding in *DeJesus Chavez* was overly broad and that these types of cases necessitate scrutinizing and analyzing the specific relevant code section, statute or regulation to determine whether such a private cause of action is implied. This would follow the reasoning in *Phillips* and virtually every case decided since *DeJesus Chavez*.

Therefore, upon due consideration, Defendant's Motion for Dismissal is hereby GRANTED. Since the remaining claims are based upon pendent jurisdiction, those matters are also DISMISSED. Thus, all claims set forth by the plaintiff are hereby DISMISSED.

IT IS SO ORDERED.