Monsi L'GGRKE, Plaintiff–Appellant,

v.

Lois BENKULA, Barbara Humes, John Nelson, each and all Individually, and in their Official Capacities, and American College of Careers, Limited d/b/a Dickinson Business School, a Missouri Corporation, Defendants–Appellees.

No. 90–5227.

United States Court of Appeals,
Tenth Circuit.

June 9, 1992.

Frederick Dorwart, Tulsa, Okl., for plaintiff-appellant.

Donald L. Kahl (Fred M. Buxton, with him on the briefs) of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Okl., for defendants-appellees.

Before HOLLOWAY and EBEL, Circuit Judges, and OWEN, Senior District Judge.*

OWEN, Senior District Judge.

This appeal presents the question whether a student-borrower may assert a private cause of action against an educational institution alleging violations of Title IV of the Higher Education Act, 20 U.S.C. §§ 1070 *et seq.* Appellant Monsi L'ggrke, a former student at Dickinson Business School, appeals from an order of the District Court,

* The Honorable Richard Owen, Senior United States District Court Judge for the Southern District of New York, sitting by designation.

Northern District of Oklahoma (Cook, J.), adopting a Magistrate's Report and Recommendation and dismissing plaintiff's complaint. In his amended complaint plaintiff asserted five claims for relief: wrongful retention of federal funds in violation of Title IV, breach of fiduciary duties imposed by Title IV and the regulations promulgated thereunder, racial discrimination, a tort claim for wrongful expulsion, and a tort claim for assault. The District Court dismissed Counts I and II for failure to state a claim, on the ground that no private right of action exists under Title IV; dismissed Count III on the ground that plaintiff had failed to state a claim of intentional discrimination;[1] and declined to retain jurisdiction over the remaining pendent state claims. We agree that no private cause of action exists as to Counts I and II and, accordingly, we affirm.[2]

L'ggrke alleges that while he was a student studying accounting at Dickinson Business School he applied for and received student financial assistance through three federally sponsored financial assistance programs.[3] Plaintiff contends that he received funds, which were paid directly to Dickinson, in excess of amounts required for tuition and fees, and that when he requested that the school pay him the balance of the funds·to use for living expenses, Dickinson refused his requests. Plaintiff claims he is entitled to these funds under federal statutes and regulations. Plaintiff alleges that he was ultimately expelled from school·in retaliation for his demands for the funds.

In determining whether a private right of action is implied under a federal statute, four factors are considered: (1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) whether there is any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; (3) whether it is consistent with the underlying purposes of the legislative scheme to imply a private right of action; and (4) whether the cause of action is one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). These four factors are not granted equal weight, but rather the second and third factors are generally relied upon more heavily in deciding whether to infer a private cause of action. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985); *Transamerica Mortgage Advisors v. Lewis*, 444 U.S. 11, 23–24, 100 S.Ct. 242, 249, 62 L.Ed.2d 146 (1979); *Touche–Ross & Co. v. Redington*, 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2488–89, 61 L.Ed.2d 82 (1979); *Hudson v. Academy of Court Reporting, Inc.*, 746 F.Supp. 718, 719–20 (S.D.Ohio 1990). The Magistrate found, and the District Court held, that the second and third factors of the *Cort* test were absent here, namely, there is no explicit or implicit indication of legislative intent to create a private cause of action and implying a remedy for plaintiff would not be consistent with the underlying purpose of the legislation. Therefore, the District Court concluded, Congress did not intend to create a private cause of action under Title IV.

Pursuant to Title IV of the Higher Education Act, 20 U.S.C. § 1070 *et seq.*, and the regulations promulgated thereunder, 34 C.F.R. §§ 668 *et seq.*, the Secretary of Education has authority to enforce the provisions of the Act. *See* 20 U.S.C. §§ 1070(b), 1071, 1082, 1094. If an institution violates a provision of Title IV, the Secretary has the authority to impose a fine on the institution, 34 C.F.R. § 668.84(a); to suspend the eligibility of an institution to participate

---

1. The District Court granted plaintiff leave of twenty days to amend his claim of discrimination; however, plaintiff did not amend and does not here challenge the District Court's dismissal of Count III.

2. The District Court properly dismissed plaintiff's fourth and fifth pendent state claims and, without discussion, we hereby affirm.

3. The Pell Grant Program, the Guaranteed Student Loan Program, and the Supplemental Loans to Students Program.

**1348**

in any or all of the Title IV programs, 34 C.F.R. § 668.85(a)(1); or to terminate or limit the eligibility of an institution to participate in Title IV programs, 34 C.F.R. § 668.86(a). *See also* 20 U.S.C. § 1094(c)(2)(A).

The regulations provide procedures for handling alleged violations by an institution. On receipt of a written allegation or complaint from a student enrolled at the institution, a designated department official reviews that allegation or complaint to determine its factual base and seriousness. 34 C.F.R. § 668.75(a), (c)(1). The Secretary, a department official, or an administrative law judge, following a hearing, may require an institution to take reasonable and appropriate corrective action to remedy a violation of applicable laws or regulations should one be found. 34 C.F.R. § 668.-95(a). Such corrective action may include payment of any funds to the Secretary, or to designated recipients, which the institution improperly received, withheld, disbursed or caused to be disbursed. 34 C.F.R. § 668.95(b).

■ The statute and regulations explicitly delegate power to the Secretary to supervise and enforce the student loan program and participating institutions' conformance with the Act. Where a statute provides an administrative enforcement mechanism, the presumption is that no private cause of action is intended. *Karahalios v. National Federation of Federal Employees, Local 1263*, 489 U.S. 527, 533, 109 S.Ct. 1282, 1287, 103 L.Ed.2d 539; *Transamerica Mortgage Advisors*, 444 U.S. at 19–20, 100 S.Ct. at 246–47. Title IV gives extensive enforcement authority to the Secretary indicating that Congress intended this mechanism to be the exclusive means for ensuring compliance with the statutes and regulations. *See St. Mary of the Plains College v. Higher Education Loan Program*, 724 F.Supp. 803, 807 (D.Kan.1989).

■ The express language of the Higher Education Act, and the regulations promul-

gated thereunder, does not create a private cause of action, and there is nothing in the Act's language, structure or legislative history from which a congressional intent to provide such a remedy can be implied. No provision provides for student enforcement or entitlement to civil damages. Rather, as discussed above, Title IV's provisions demonstrate that Congress vested exclusive enforcement authority in the Secretary of Education. To imply a private right on the part of a student would conflict with the enforcement powers of the Secretary and thus would be inconsistent with the underlying purpose of the statute.[4] *See Graham v. Security Savings & Loan*, 125 F.R.D. 687, 693–94 (N.D.Ind.1989), *aff'd*, 914 F.2d 909 (7th Cir.1990); *St. Mary*, 724 F.Supp. at 808.

Accordingly, we find that no private cause of action exists and affirm.

---

**4.** A contrary result here has the potential to occasion a floodwater of federal actions by students perceiving themselves to be aggrieved, with consequent litigation costs not to be risked absent some showing of supporting Congressional intent.