**FEDERAL HOUSING ADMINIS-
TRATION**

v.

**MORRIS PLAN CO. OF CALI-
FORNIA.**

No. 13472.

United States Court of Appeals
Ninth Circuit.

March 23, 1954.

Rehearing Granted May 12, 1954.

authority granted by § 2(a) of the National Housing Act of 1934, 12 U.S.C.A. § 1701 et seq., issued a contract of insurance insuring appellee, Morris Plan Company of California, against losses on property improvement loans made in conformity with the National Housing Act and regulations issued by F.H.A.

In 1948 appellee made F.H.A. Title One Property Improvement loans to a number of individuals who in turn contracted with Los Angeles Perma-Stone Company, hereafter Perma-Stone, to make certain specified improvements on the property belonging to borrowers. Perma-Stone became involved in financial difficulties and failed to complete improvements on several of the projects after having received payment therefor. Fifteen notes, executed by borrowers in favor of appellee, for money advanced for improvements to property were unpaid. Appellee filed a claim with appellant for reimbursement of losses incurred on the notes. The claim was denied and appellee, in a suit instituted by it in the District Court, recovered judgment.

■ In an appeal from that judgment appellant contends that appellee was not entitled to recover because it failed to exercise the required degree of care and responsibility in approving and continuing to approve Perma-Stone as an F.H.A. dealer. Appellant points to F.H.A. regulations and such amendments thereto as have been issued by the Federal Housing Administrator and argues that they must be considered a part of the contracts of insurance issued by F.H.A. As to this contention there seems to be no disagreement. Federal Crop Insurance Corp. v. Merrill, 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10. Detailed statements are made by appellant of what it considers important failures of appellee to comply with the provisions of the National Housing Act and the applicable regulations. In a consideration of appellant's argument it at once appears that appellant is erroneously giving the F.H.A. statements of policy the same dignity, force and effect as F.H.A. regulations. Early in the trial of the case the

Warren E. Burger, Asst. Atty. Gen., Richard A. Lavine, Edward H. Hickey, Irving Malchman, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for appellant.

Ralph Sadler Rosen, Gervais L. Berrey, Los Angeles, Cal., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant, Federal Housing Administration, hereafter F.H.A., pursuant to

trial court correctly ruled that the statement of policy issued by F.H.A. had no binding effect upon appellee and could not properly be considered a part of the contract. Appellant devotes a major part of its argument before us in a review of policy measures under the headings "Dealer Relationship," "Dealer Review," "Inspection of Work," "Report to Washington," and "Precautionary Measures." We cannot determine a violation of the contract held by appellee on the basis of its failure to strictly adhere to the statements of policy issued by appellant, however desirable it may be that conformance be had in the interest of sound business practices.

Our view of the inapplicability of the statements of policy to the terms of the insurance contract require that we pass to a consideration of the alleged violation of regulations. Appellant insists that the requirements of § 1 of Regulation VIII were not met. That section deals with the question of disbursement. It reads, in part:

"1. Disbursement. Before disbursing the proceeds of a loan to one other than a borrower or a borrower and another jointly, the insured shall * * *." 24 C.F.R. § 201.8.

In the instant case the checks were made in the name of the borrower, but in many instances the checks were delivered to an agent of Perma-Stone who in turn delivered them to the borrower and secured the endorsement of the borrower thereon. Appellant construes the words contained in § 1 of Regulation VIII, viz.: "or a borrower and another jointly," as operative in bringing the transaction between appellee and the agent of Perma-Stone within the provisions of Regulation VIII. We take a different view. It is clear that loans *to a borrower* are excluded and we think it equally clear that, under the plain wording of the Regulation, in the event a *borrower joins with another* in securing a loan, such a loan is also excluded. In any event, the facts of this case support the finding of the trial court that the loans were made direct to the borrower and not to a borrower and another.

It is urged that appellee had reason to withdraw approval of Perma-Stone as a dealer, did not do so, continued making loans for property improvement on projects in which Perma-Stone was the contractor, and thereby violated Regulation VIII. 24 C.F.R. § 201.8. The trial court found that appellee did not have reason to withdraw approval of Perma-Stone as a dealer. This finding is not clearly erroneous and therefore must be accepted by us as determinative of the question.

A violation of § 2(b) of the National Housing Act, 12 U.S.C.A. § 1703(b), is alleged in that appellee made two loans to Mr. and Mrs. Owens of $2,500 each and two loans to Mr. and Mrs. Gould of $2,500 each. Section 2(b) reads, in part:

"No insurance shall be granted under this section to any such financial institution with respect to any obligation representing any such loan, advance of credit, or purchase by it (1) if the amount of such loan, advance of credit, or purchase made for the purpose of financing the alteration, repair, or improvement of existing structures exceeds $2,500 * * *."

Section 1 of Regulation IV states:

"1. Class 1(a) Loan. A Class 1(a) loan shall not involve a principal amount, exclusive of financing charges to the borrower, in excess of $2,500." 24 C.F.R. § 201.4(a).

A "Class 1(a) loan" is defined in § 10 of Regulation II:

" 'Class 1(a) Loan' means a loan, other than a loan defined in Section 11 of this Regulation as a 'Class 1(b) loan', which is for the purpose of financing the repair, alteration, or improvement of an existing structure or of the real property in connection therewith, exclusive of the building of new structures. The term 'existing structure' means a completed building that has or had a distinctive functional use." 24 C.F.R. § 201.2(j).

We need not consider the Gould loan in this connection. The trial court disallowed recovery thereon for other reasons. As to the Owens loan appellee granted two credit applications made by Owens, one dated October 30, 1948, for the stated purpose of applying perma stone and stucco to the rear of an existing house, and the other bearing the same date for the purpose of remodeling the front of the house by applying stucco and plaster. Appellee issued to Owens two checks in the sum of $2,500 each.

■ The trial court found that the loans made to Owens were separate loans for improvements of the same property and not a single loan in excess of the $2,500 limitation contained in § 2(b) of the National Housing Act. The trial court construed the $2,500 limitation to mean that any number of improvement loans could be made on a single piece of property so long as no one loan exceeded $2,500. We think such a construction is erroneous. The limitation contained in § 2(b) establishes the total amount which may be loaned for improvements to an existing structure. To hold otherwise would render the $2,500 limitation meaningless. Certainly Congress did not intend to allow unlimited borrowing for improvements to an existing structure.

■ The Owens loan applications state that the property upon which the improvements are to be made consist of a store and two dwelling apartments. A Class-1(b) loan is defined as a loan for the repair or improvement "of an existing structure used or to be used as an apartment house or dwelling for two or more families." 24 C.F.R. § 201.2(k). Such loans may be made in any amount not to exceed $10,000. 12 U.S.C.A. § 1703(b); 24 C.F.R. § 201.4(b). Thus, while the Owens loans fail to qualify as a Class-1(a) loan because in excess of $2,-500, they fully qualify as a Class-1(b) loan and appellee is entitled to recover for losses incurred thereon.

Several errors alleged by appellant to have been made by the trial court are called to our attention where the court acted on conflicting testimony. There is no such infirmity in the testimony credited by the trial court as would authorize this court to disturb the findings based on such credited testimony.

Judgment affirmed.

On Petition for Rehearing.

Before HEALY, BONE and ORR, Circuit Judges.

PER CURIAM.

A rehearing is granted, limited to the question of whether or not the judgment should be reduced by the elimination of the sum of $2,000 on amount loaned Gould in excess of the $2,500 limit we held to be contained in § 2(b) of the National Housing Act.