**PETROLANE–NORTHEAST GAS SERVICE, INC., a corporation of the State of Delaware.**

v.

**John L. BROWN and Ellen M. Brown, his wife.**

Superior Court of Delaware.
Sussex.
May 12, 1969.

Carl Schnee, Wilmington, for plaintiff.

Jackson R. Dunlap, Jr., Georgetown, for defendants.

OPINION

CHRISTIE, Judge.

Plaintiff in this action is a seller of liquid petroleum gas. Defendants, as consignees of plaintiff, solicited orders for the gas and made collections. Due, it is alleged, to defendants' laxity in making collections from customers and the resulting delay in making payments to plaintiff, defendants' indebtedness to plaintiff amounted to almost $20,000 as of April 6, 1967.

In order to secure that indebtedness, defendants executed a mortgage to plaintiff covering lands owned by defendants in Sussex County. This action amounted to an independent acknowledgement of the debt.

In this action plaintiff alleges a default in mortgage payments and has filed a *sci fa sur mortgage* calling upon defendants to show why foreclosure proceedings should not be instituted. The matter presently before the Court is defendants' motion under Civil Rule 14(a), Del.C.Ann., to bring in as third party defendants some 500 of their customers, all of whom are alleged to owe money for Petrolane gas supplied them through defendants.

Civil Rule 14 provides in part:

"At any time after commencement of the action, a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Despite similarity in the factual basis for the indebtedness underlying both the main claim and the third party claim, the two claims are clearly separate and distinct for purposes of Civil Rule 14. Plaintiff's claim, regardless of its origin, is based on an indebtedness secured by a mortgage. The third party claim has nothing to do with the mortgage; it is based upon the sale of oil by defendants to their customers. The third party defendants are not parties to the mortgage. Their liability to defendants is in no way conditioned or dependent upon defendants' liability on the mortgage.

Since it cannot be said that the customers are or may be liable for any part of plaintiff's claim upon the mortgage, it would be improper to bring them in as third party defendants under Rule 14(a).

Some of the customers defendants seek to bring in as third party defendants appear to owe as little as $5.00 and substantial numbers owe less than $25.00. The costs of service alone makes defendants' proposed petition difficult to understand.

Finally, the one case cited by defendants as authority for their position is in no way controlling. In State for Use of Building Commission for William M. Henry Comprehensive High School for Use of M. A. Hartnett, Inc. v. Wood, 3 Storey 527, 173 A.2d 327, 331 (Super.Ct.1961) the Court stated, by way of dicta, that indemnitors named in a surety bond might be impleaded as third party defendants under Rule 14 in an action on the bond.

Here the situation is quite different from that in the *Wood* case, *supra*. The persons sought to be brought in are not parties to the mortgage on which plaintiff's claim is based. Their liability to defendants, if any, is independent of defendants' mortgage liability to plaintiffs.

Since defendants attempted third party claim does not satisfy the requirements of Rule 14(a), their motion must be denied.

It is so ordered.