Eddie NESMITH and Frances Nesmith,
his wife, Defendants, and Third-Party
Plaintiffs below, Appellants,

v.

James T. LYNN, in his capacity as Secre-
tary of Housing and Urban Development
of the United States of America, Third-
Party Defendant below, Appellee,

v.

SHORE SAVINGS AND LOAN ASSOCI-
ATION, a Foreign Corporation,
Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted March 18, 1977.

Decided July 25, 1977.

Gary A. Myers of Community Legal Aid
Society, Inc., Georgetown, for defendants
and third-party plaintiffs below, appellants.

W. Laird Stabler, Jr., U.S. Atty., and
John X. Denney, Jr., Asst. U.S. Atty., Wil-
mington, for third-party defendant below,
appellee.

Paul R. Reed, Georgetown, for plaintiff
below, appellee.

Before HERRMANN, Chief Justice,
DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

■ The sole issue in this mortgage fore-
closure case is the propriety of a third party
complaint filed pursuant to Superior Court
Civil Rule 14(a).[1] Defendants to the fore-
closure by their third party action seek
monetary relief from the Secretary of
Housing and Urban Development of the
United States (HUD) for not requiring for-
bearance from foreclosure by the mortga-
gee under the guidelines of a HUD hand-
book. The Superior Court dismissed the
third party complaint as being a separate

---

1. Rule 14(a) provides in its pertinent part:
   "When Defendant May Bring in Third Par-
   ty. At any time after commencement of the
   action a defending party, as a third-party
   plaintiff, may cause a summons and com-
   plaint to be served upon a person not a party
   to the action who is or may be liable to him
   for all or part of the plaintiff's claim against
   him."

and independent claim not assertable under Rule 14(a). We agree.

## I

The foreclosure proceeding in this case involves a mortgage entered into pursuant to Section 235 of the National Housing Act, as amended in 1968, 12 U.S.C. § 1715z (235 Program). The 235 Program provides assistance to low income mortgagors in the payment of their mortgages and insures mortgagees against defaults. Only private mortgagees approved by HUD are authorized to participate in the program under certain rules, regulations and guidelines.

Anticipating defaults, The National Housing Act provides for forbearance and recasting relief for mortgagors in default, including assignment of mortgages to HUD, in order to avoid foreclosure. For implementing the statutory policies, a HUD handbook recommends the use of informal procedures, including letters, telephone calls, and personal visits by mortgagees to determine why mortgage payments are delinquent, and suggests the consideration of alternatives such as accepting reduced payments, recasting or assignment of the mortgage, in lieu of foreclosure. Third party plaintiff contends that the guidelines of the handbook have the force and effect of law entitling them to the relief asserted.

## II

To implead a third party under Superior Court Civil Rule 14(a), the third party defendant must be one who is or may be liable to defendant-third party plaintiff for all or part of the plaintiff's claim against defendant. A separate and independent cause of action cannot be maintained against a third party even though arising from the same factual situation.

In *Southeast Mortgage Company v. Mullins v. Hills*, 5th Cir., 514 F.2d 747 (1975), the mortgagor failed to make monthly payments because of the termination of welfare benefits. After the mortgagee foreclosed the mortgagor filed a third party complaint against HUD alleging violations of the 235 program in allowing the mortga-gee to foreclose. The Court dismissed the third party complaint, finding that it was an action separate and distinct from the foreclosure action:

"[W]e . . . find that it is insufficiently related to the main suit to be maintained by impleader. The gravamen of the third party complaint is that HUD has violated its statutory responsibilities under the 235 program by failing to provide more stringent limitations on the right of program mortgagees to foreclose, an issue on its face distinct from and collateral to those raised by Southeast's suit. The sole connection between the two is the contention that, but for HUD's failure to adopt and enforce adequate regulations, there would have been no foreclosure proceedings."

See also *United States v. Munroe Towers, Inc.*, D.N.J., 286 F.Supp. 92 (1968).

In *Brown v. Lynn*, N.D.Ill., 385 F.Supp. 986 (1974) (*Brown I*) the Court stated:

"Finally, the HUD guidelines upon which the plaintiffs have particularly relied as a source for the "regulatory" scheme underlying these programs, have not been issued pursuant to the Administrative Procedure Act. As such, they only contain statements of policy and not regulations, per se, having the force and effect of law. *Faggins v. Kassler & Co.*, 72 C 125 (N.D.Ill., July 26, 1972). Statements of policy have no binding effect upon the mortgagees, *FHA v. Morris Plan Co.*, 211 F.2d 756 (9th Cir. 1954), and are unenforceable in the courts. *Faggins, supra.* The guidelines, in their present form, therefore, cannot be used to require the mortgagees to pursue the alternatives listed therein, and, accordingly, do not give rise to a claim of a duty owed or a remedy." 385 F.Supp. at 998.

"The assistance payments, on the other hand, are the subject of a separate contract running solely between HUD and the mortgagees. The obligation for making these payments is exclusively HUD's, and the payments are made directly to the mortgagees and are not within the

dominion or control of the mortgagors. In the event of foreclosure, the responsibility for these payments does not shift to anyone else, it merely lapses pending the outcome of the foreclosure proceeding. If the mortgagor reinstates, the payments are resumed retroactively; if the mortgagor does not, then the suspended payments are covered by the mortgage insurance." 385 F.Supp. at 997.

And in *Brown v. Lynn*, N.D.Ill., 392 F.Supp. 559 (1975) (*Brown II*), considering a motion for clarification and reconsideration of the HUD handbook aspect of *Brown I* the Court stated:

> "The decision does not limit state or federal foreclosure courts from exercising their equity powers by refusing to grant foreclosures where mortgagees have flagrantly disregarded the forbearance provisions of the HUD Handbook. Nor should our opinions be construed as carte blanche for mortgagees to act with abandon to the limits of the elusive "prudent lender" standard. Our consideration of the enforceability of the HUD Handbook is limited solely to plaintiffs' instant action for monetary damages and injunctive relief for alleged violations of the non-binding guidelines. Since the Handbook does not impose legal obligations upon the mortgagees, we find no basis for such an action against them. Our opinion goes no further." 392 F.Supp. at 562–63.

Following dicta in *Brown II* suggesting the application of equitable standards for foreclosure Courts in appropriate cases, the Court in *Federal National Mortgage Association v. Ricks*, 83 Misc.2d 814, 372 N.Y.S.2d 485 (1975), held that the failure of the mortgagee foreclosure action is sufficient to invoke the doctrine of unclean hands and deny relief to a mortgagee. We find no precedent, however, for awarding money to a mortgagor in a third party action against the United States pursuant to a handbook not having the force and effect of law.

\* \* \*

Affirmed.[2]

---

2. By 1976 amendment (not applicable to this 1975 foreclosure) HUD included requirements developed over the course of years as regulations with the force and effect of law, 41 Fed. Reg. 36604.