# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

DELMARVA POWER & LIGHT CO.    )
                             )
    Plaintiff,    )
                             )
v.    )    C.A. No. CPU4-16-003020
                             )
DRU B. SMITH and BLEVINS INC.,    )
                             )
    Defendants,    )
                             )
VERIZON DELAWARE LLC,    )
                             )
    Defendant/Third-Party Plaintiff,    )
                             )
v.    )
                             )
COMCAST CABLE COMMUNICATIONS, LLC    )
                             )
    Third-Party Defendant    )

Submitted: April 5, 2017
Decided: April 20, 2017

Lisa C. McLaughlin, Esquire
Phillips, Goldman, McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
  *Attorney for Plaintiff*

Michael J. Logullo, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1105
P.O. Box 588
Wilmington, DE 19899
  *Attorney for Defendants*
  *Dru B. Smith and Blevins Inc.*

Mary E. Sherlock, Esquire
Weber Gallagher Simpson Stapleton
Fires & Newby, LLP
19 South State Street, Suite 100
Dover, DE 19901
  *Attorney for Defendant/Third-Party*
  *Plaintiff Verizon Delaware LLC*

Krista E. Shevlin, Esquire
Franklin & Prokopik
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
  *Attorney for Third-Party Defendant*
  *Comcast Cable Communications, LLC*

1

## MEMORANDUM OPINION AND ORDER
## ON THIRD-PARTY DEFENDANT'S MOTION TO DISMISS

This is an action for negligence. The third-party defendant, Comcast Cable Communications, LLC (hereinafter "Comcast"), brings this motion under Court of Common Pleas Civil Rule 12(b)(6), alleging the third-party complaint fails to comply with Rule 14(a).

On March 31, 2017, a hearing was convened on the Motion, at which time the parties presented oral argument and were given the opportunity to submit supplemental briefing.[1] After reviewing the parties' briefs and arguments, the Court reserved decision. This is the Final Decision of the Court on Comcast's Motion to Dismiss.

### STANDARD OF REVIEW

Due to the early procedural stage and the nature of the instant Motion, there is no factual record beyond the pleadings. In accordance with the standard for reviewing a motion under Rule 12(b)(6), the Court will assume all of the relevant facts in the pleadings are true.[2] The Court will only dismiss the third-party complaint if the third-party plaintiff "would not be entitled to recover under any reasonably conceivable set of circumstances susceptible to proof."[3]

---

[1] Defendants Smith and Blevins were present for the hearing, but took no position. Plaintiff was not present for the hearing.

[2] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982). On April 5, 2017, Defendants Smith and Blevins filed a letter with the Court seeking assurance the instant ruling would not preclude them from filing their own third-party complaint against Comcast. While the Court accepts all well-pled facts as true for the purposes of the instant Motion, those facts will not be controlling on any future motions. Therefore, the ruling on this Motion will not *per se* preclude Defendants Smith and Blevins from filing or succeeding on a motion to amend, and any rulings on such a motion will be dependent upon whether the motion itself complies with the Rules and established case law.

[3] *Id.*

## FACTS AND PROCEDURAL HISTORY

The genesis of the underlying cause of action is an accident in which a truck, owned by defendant Blevins, Inc. and operated by defendant Dru B. Smith, struck wires attached to a utility pole owned by the plaintiff, Delmarva Power and Light Company (hereinafter "Delmarva"). Delmarva alleged in its complaint the wires belonged to the defendant, Verizon Delaware LLC (hereinafter "Verizon"), and were not kept above eighteen feet.

In its answer, Verizon denied liability, and stated "Verizon had no overhead wires at the incident location."[4] Verizon filed a crossclaim for contribution and indemnification against the other defendants and filed a third-party complaint against Comcast. Verizon reiterated its assertion the truck did not strike Verizon's wires and instead alleged the wires belonged to Comcast. Comcast then filed the instant Motion to Dismiss in lieu of an Answer.

## PARTIES' CONTENTIONS

Comcast argues Rule 14(a) only permits a defendant to file a third-party complaint against a joint tortfeasor. Comcast must owe Verizon some duty, thereby entitling Verizon to be indemnified by Comcast for its own liability to Delmarva. According to Comcast, because Verizon has disclaimed all liability to Delmarva, there is no circumstance under which Comcast may be liable to Verizon for Verizon's nonexistent liability to Delmarva.

Verizon argues it is entitled to indemnity from Comcast because Comcast is the actual wrongdoer. According to Verizon, the allegations support the conclusion Verizon is entitled to implied indemnification, despite the lack of an express contract between Verizon and Comcast.

---

[4] Verizon's Answer at ¶ 5.

3

## DISCUSSION

There are two issues before the Court: whether there are sufficient facts to suggest Verizon is entitled to implied indemnification and, if not, whether Verizon's third-party complaint entitles Verizon to relief from Comcast as a third-party defendant.

### a. Implied Indemnification

Verizon cited to *Frabizzio v. Hendry*[5] and *Pandora Jewelry, Inc. v. Stephen's Jewelers, LLC*[6] in support of its contention regarding implied indemnification. As confirmed in *Frabizzio*, Delaware courts recognize implied indemnity based upon the particular circumstances of the case.[7] However, in *Frabizzio*, the Court found sufficient facts to support implied indemnification because the Court found there was an implied *contract*, inferred from the conduct of the parties.[8] In *Pandora*, the Court likewise found the pleadings supported implied indemnification because of the nature of the claims for breach of contract, fraud, and misrepresentation.[9]

In *Wade v. Jessop's Tavern, Inc.*,[10] implied indemnity did not exist when the parties had an express contract barring indemnification. In *Davis v. R.C. Peoples, Inc.*,[11] implied indemnity existed when the claims arose from a subcontractor agreement.[12] In *Riverside Fund V., L.P. v. Shyamsundar*,[13] implied indemnity existed where the claims arose from a purchase agreement.

All of these cases have one fact in common: some form of contractual or quasi-contractual relationship between the parties. Verizon has not cited, and the Court has not found,

---

[5] 2015 WL 7254317 (Del. Com. Pl. Nov. 16, 2015) (Smalls, CJ).
[6] 2012 WL 2371043 (Del. Com. Pl. Jun. 22, 2012) (Smalls, CJ).
[7] *Frabizzio, supra*, at *3.
[8] *Id.*
[9] *Pandora, supra*, at *7.
[10] 2016 WL 7158593 (Del. Super. Dec. 6, 2016).
[11] 2003 WL 21733013 (Del. Super. Jul. 25, 2003).
[12] The same conclusion was reached by the Superior Court in *Thompson v. Murata Wiedemann, Inc.*, 2010 WL 596504, at *2 (Del. Super. Feb. 19, 2010).
[13] 2015 WL 5004924 (Del. Super. Aug. 17, 2015).

4

any cases establishing a claim for implied indemnification between two parties with no prior relationship relevant to the injury in question. In essence, the parties here are part of a triangle, with Delmarva at the top and Verizon and Comcast at the bottom. If there is no line between Verizon and Delmarva, and if there is no line between Verizon and Comcast, then Verizon is a stranger to both Delmarva and Comcast and has no basis for indemnification. At the absolute minimum, Verizon was required to demonstrate some knowledge of or relation to Comcast relevant to the injury in question, as the Court will not permit indemnification between total strangers.[14] Therefore, the Court does not find Verizon has pled sufficient facts to support a claim for implied indemnification, as Verizon has specifically disclaimed any involvement with the utility lines in question and has not alleged any relation to Comcast.

### b. Pleading Requirements Under Rule 14(a)

Pursuant to Rule 14(a), a defendant may implead a third party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Delaware law is well settled in requiring the third-party defendant to be "one who is or may be liable to [the] defendant-third party plaintiff for all or part of the plaintiff's claim against defendant."[15] As summarized by the Court of Chancery, "[a] defendant's ability to succeed on his [or her] third-party claim must be dependent upon the plaintiff's success on his [or her] claim, and the third party's liability must be derivative of the defendant's liability to the plaintiff."[16]

---

[14] "Indemnity implies a primary or basic liability in one person, although a second is also liable with the first to a third; and a discharge of the obligation by the second person leaves him or her with a right to secure compensation from the one who, as between themselves, is primarily liable, the obligation being based altogether on the law's notion of what is fair and proper between the parties." 42 C.J.S. Indemnity § 2.

[15] *Nesmith v. Lynn*, 377 A.2d 352, 353 (Del. 1977).

[16] *Tuscan Constr., Inc. v. Capaldi*, 2016 WL 3212491, at *1 (Del. Ch. May 24, 2016).

Verizon cited to *Sinex v. Bishop*[17] and *Spence v. Cherian*,[18] which Verizon summarized as granting dismissal of third-party defendants because the original plaintiffs could not have joined the third-party defendants. Verizon appears to have focused on the following statement from *Spence*: "if a plaintiff could not have originally sued the third-party defendant on a given claim, the claim against the third-party defendant also must be dismissed."[19] Verizon distinguished the dismissals in *Sinex* and *Spence* by arguing Delmarva "could have brought a direct action against Comcast but, for unknown reasons, chose not to assert a claim against Comcast." It appears as though Verizon has taken one possible ground for dismissing a third-party complaint – when the original plaintiff could not have initiated the cause of action against the third-party defendant – and treated it as a *requirement* for dismissal. Simply because Delmarva could have filed a complaint against Comcast does not grant Verizon a *per se* right to file a third-party complaint against Comcast. Accordingly, while the statements in *Sinex* and *Spence* are good law, they do not provide any assistance to Verizon's claim.

By Verizon's own pleadings, Verizon has disclaimed all potential liability to Delmarva and has disputed its wires were even present on the utility pole in question. Taking the pleadings as true, there are no possible scenarios wherein Verizon may be liable to Delmarva. Accordingly, there are no possible scenarios where Comcast may be liable to Verizon. The logic is simple. If Verizon may be liable to Delmarva, *and* if Comcast may be liable to Verizon for some or all of Verizon's liability to Delmarva, then third-party liability is permissible. By

---

[17] 2005 WL 3007805 (Del. Super. Oct. 27, 2005).

[18] 135 A.3d 1282 (Del. Super. 2016).

[19] *Id.* at 1287. Immediately prior to this sentence, the Superior Court stated "A third-party complaint will be dismissed where "it is clearly without merit, which may be either a matter of law or fact." In turn, the Court should dismiss a claim if a third-party plaintiff fails to plead, or cannot make out on the facts pleaded, an essential element of that claim." *Id.* The Superior Court was listing the various grounds upon which dismissal is appropriate.

6

disclaiming the very possibility of liability to Delmarva, Verizon has pled away its only theory for including Comcast as a party.

According to Verizon's third-party complaint, the "incident and all resulting damages were caused *solely* by and were the direct and proximate result of the negligence and carelessness of Comcast[.]"[20] Verizon went on to allege Comcast "is *alone* liable to Plaintiff[.]"[21] Under the facts alleged in the third-party complaint, the Court cannot find any legal basis to maintain an action against Comcast as a third-party defendant.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 20th day of April, 2017, that Comcast's Motion to Dismiss is **GRANTED**. Comcast shall be dismissed from this action.

The Honorable Carl C. Danberg
Judge

cc:     Tamu White, Judicial Case Management Supervisor

---

[20] Verizon's Third-Party Complaint at ¶ 6.
[21] *Id.* at ¶ 7.