# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TWO FARMS, INC., | ) |
| | ) |
| Plaintiff, | ) C. A. No. K17C-09-010 NEP |
| | ) In and for Kent County |
| v. | ) |
| | ) |
| DAVIS, BOWEN & FRIEDEL, INC., SILICATO-WOOD PARTNERSHIP, LLC and DENNIS SILICATO, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| SILICATO-WOOD PARTNERSHIP, LLC, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF DELAWARE DEPARTMENT of TRANSPORTATION, | ) |
| | ) |
| | ) |
| Third-Party Defendant. | ) |

## OPINION AND ORDER

Submitted: November 14, 2018
Decided: December 19, 2018

Upon Third-Party Defendant's Motion to Dismiss

**GRANTED**

Before the Court is the motion of Third-Party Defendant State of Delaware Department of Transportation (hereinafter "DelDOT") to dismiss the Third-Party Complaint of Defendant/Third-Party Plaintiff Silicato-Wood Partnership, LLC (hereinafter "SWP"). In its Third-Party Complaint, which was filed on May 24, 2018, SWP asserts claims against DelDOT for (1) Declaratory Judgment, (2) Tortious Interference with Contract and Business Relations, and (3) Inverse Condemnation. For the reasons stated herein, DelDOT's Motion to Dismiss is **GRANTED**.

## I. Factual and Procedural Background

The facts recited here are those as alleged by SWP in its Third-Party Complaint.[1]

In 2008, SWP sought to develop a property located in Milford, Delaware (hereinafter the "Property") adjacent to Delaware Route 1. In connection with this development, SWP and its engineering firm, Defendant Davis, Bowen and Friedel, Inc., submitted a building site plan (hereinafter the "SWP Subdivision Plan") to the City of Milford.

Pursuant to the City of Milford's process, DelDOT submitted comments regarding the SWP Subdivision Plan to the City of Milford Development Advisory Committee. One of the items contained in the DelDOT Comments requested that a

---

[1] On a motion to dismiss, all well-pleaded factual allegations are accepted as true. *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002).

note be placed on the SWP Subdivision Plan (hereinafter the "DelDOT Requested Note") indicating that the right turn-in entrance (hereinafter the "Right-In Entrance") from the access road labeled on the SWP subdivision plan as "the Route 1 Entrance" could be modified in the future if traffic conditions warranted. The DelDOT Requested Note was never placed on the SWP Subdivision Plan.

In 2011, SWP conveyed to Plaintiff Two Farms, Inc. (hereinafter "TFI"), a portion of the Property known as Lot No. 5 (hereinafter the "TFI Parcel"). The TFI Parcel was bounded by the Route 1 Entrance and by another roadway known as "Silicato Parkway," and the Right-In Entrance led from the Route 1 Entrance into the TFI Parcel. SWP has alleged in its Third-Party Complaint that "[f]ee simple title to Silicato Parkway, the Route 1 Entrance and the Right-In Entrance is vested in SWP."

DelDOT has filed a condemnation action against TFI (hereinafter the "Condemnation Action") seeking to take certain property interests from TFI for purposes of the NE Front Street/Route 1 Overpass Project, including the Right-In Entrance.[2] On April 17, 2017, this Court entered a Stipulation and Order of Possession of Property (hereinafter the "April 17 Order") granting DelDOT the right to enter and possess the portion of the TFI parcel sought in the Condemnation Action, including the Right-In Entrance.[3]

## II. Discussion

On a motion to dismiss, the moving party bears the burden of demonstrating that "there are no material issues of fact and that he is entitled to judgment as a matter

---

[2] *State of Delaware Department of Transportation v. Two Farms, Inc.*, Del. Super., C.A. No. K17C-03-012 JJC.

[3] Although the Third-Party Complaint does not address the April 17 Order, this Court may take judicial notice of the April 17 Order pursuant to Delaware Rule of Evidence 202(d)(1)(C) as a record of this Court, and, indeed, must take judicial notice of the April 17 Order pursuant to D.R.E. 202(d)(2), as DelDOT has requested that the Court do so.

of law."[4] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[5]

## A.    SWP's Declaratory Judgment Claim

In Count I of its Third-Party Complaint, SWP seeks a declaratory judgment against DelDOT, arguing that DelDOT's decision to close the Right-In Entrance is "arbitrary and capricious." As noted previously, SWP alleges in its Third-Party Complaint that it possesses fee simple title to the Right-In Entrance. SWP contradicts its own pleading in its Answering Brief, however, asserting that SWP owns only part of the Right-In Entrance, and that TFI owns the rest.

Regardless of who actually possesses fee simple title to the Right-In Entrance, the Court finds that SWP is not entitled to a declaratory judgment in this case, and this claim must be dismissed. To the extent that TFI owns part of the Right-In Entrance, principles of both standing and comity bar SWP's declaratory judgment claim. To the extent that SWP, rather than TFI, owns part of the Right-In Entrance, SWP's declaratory judgment claim is not properly brought as a third-party claim in this action.

In order to establish standing, SWP must show: "(1) an injury in fact; (2) a causal connection between the injury and the conduct of which [SWP] complains;

---

[4] *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000).

[5] *Savor*, 812 A.2d at 896–97.

and (3) that a favorable decision is likely to redress the injury."[6] SWP cannot show an injury-in-fact with regard to DelDOT's taking of TFI's portion of the Right-In Entrance, as SWP had conveyed the TFI parcel, including TFI's portion of the Right-In Entrance, to TFI when the Condemnation Action commenced.

More importantly, with regard to comity, this Court has previously entered the April 17 Order, which grants DelDOT title to TFI's portion of the Right-In Entrance. The principle of comity, which provides that a court "should not assume to disturb another court's disposition of a controversy unless there are good reasons for doing so,"[7] urges deference for this Court's entry of the April 17 Order. While this situation does not involve two different courts, but rather two concurrent actions in the same court, the considerations underlying the principle apply just as strongly, if not more so. It would be inappropriate for the Court to issue an opinion that contradicts a previous order of this Court, and the Court will not disturb the April 17 Order by allowing relitigation of it.

To the extent that SWP rather than TFI owns part of the Right-In Entrance, SWP's declaratory judgment claim is not proper pursuant to this Court's rules regarding third-party practice. Superior Court Civil Rule 14(a) allows a defendant, as a third-party plaintiff, to file a claim against a non-party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Here, TFI has asserted claims against SWP for alleged fraudulent conduct—specifically, SWP's concealment from TFI of information regarding the temporary nature of the Right-In Entrance. In TFI's Amended Complaint filed on January 12, 2018, TFI asserted a single count of fraud against SWP, alleging that

---

[6] *Cartanza v. DNREC*, 2009 WL 106554, at *2 (Del. Ch. Jan. 12, 2009) (citations omitted); *see also Dover Historical Soc'y v. City of Dover Planning Com'n*, 838 A.2d 1103, 1110 (Del. 2003).
[7] *Day v. Loucks*, 2017 WL 3225921, at *2-3 (Del. Super. July 28, 2017).

SWP "knew that the SR 1 entrance was temporary and therefore knew that [its] omission of the temporary nature of the entrance was false." In TFI's Second Amended Complaint filed on October 8, 2018, TFI has brought additional claims against SWP for breach of contract and for violation of the Consumer Fraud Act, and both are likewise based upon SWP's alleged concealment and misrepresentation of information regarding the temporary nature of the Right-In Entrance.[8]

As this Court pointed out in its December 26, 2017, decision denying SWP's motion to dismiss, TFI has sued SWP for fraudulently inducing TFI to pay greater than fair market value for the TFI parcel by concealing DelDOT's communications about the temporary nature of the Right-In Entrance.[9] TFI "seeks damages resulting from the alleged misrepresentation that the entrance was permanent when it was in fact temporary—not the loss of the entrance, *per se*."[10] By contrast, SWP, in its Third-Party Complaint, seeks a declaratory judgment that DelDOT's closure of the Right-In Entrance is "arbitrary and capricious." Even if this were the case, this would not mean that DelDOT is liable to SWP for TFI's fraud-related claims against SWP.

With its declaratory judgment claim, SWP is attempting to sue DelDOT based upon SWP's separate claims against DelDOT, not TFI's claims against SWP—and this is improper for a third-party claim under Rule 14(a). In *Nesmith v. Lynn*,[11] the putative third-party plaintiffs, defendants in a mortgage foreclosure action, had sought to file a third-party claim against the Secretary of the Department of Housing and Urban Development for failing to require forbearance from foreclosure by the

---

[8] TFI's Third Amended Complaint, filed on December 7, 2018, adds no additional causes of action against SWP.

[9] *Two Farms, Inc. v. Davis, Bowen & Friedel, Inc.*, 2017 WL 6606893, at *2-3 (Del. Super. Dec. 26, 2017).

[10] *Id.* at *3.

[11] 377 A.2d 352 (Del. 1977).

plaintiff pursuant to the guidelines of a HUD handbook. The Delaware Supreme Court found such a claim improper:

> To implead a third party under Superior Court Civil Rule 14(a), the third party defendant must be one who is or may be liable to defendant-third party plaintiff for all or part of the plaintiff's claim against defendant. A separate and independent cause of action cannot be maintained against a third party even though arising from the same factual situation.[12]

In so holding, the *Nesmith* Court found persuasive a Fifth Circuit decision that, in rejecting a similar third-party claim against HUD, noted that "[t]he sole connection between the two [i.e., the foreclosure action and the attempted third-party claim against HUD] is the contention that, but for HUD's failure to adopt and enforce adequate regulations, there would have been no foreclosure proceedings."[13] Similarly, the only connection between TFI's claims against SWP and SWP's declaratory judgment claim against DelDOT is the contention that, but for DelDOT's decision to close the Right-In Entrance, TFI would not have sued SWP.

In *Sinex v. Bishop*,[14] this Court similarly held that the defendants could not bring separate and independent claims against various third-party defendants, even when those claims arose from the same or related factual situations as the plaintiffs' claims against the defendants. As the Court stated, "separate and independent claims cannot be the basis for joining third party defendants," and any such claims must be brought in separate actions.[15]

---

[12] *Id.* at 353.

[13] *Id.* (quoting *Southeast Mortg. Co. v. Mullins*, 514 F.2d 747, 750 (5th Cir. 1975)).

[14] 2005 WL 3007805 (Del. Super. Oct. 27, 2005).

[15] *Id.* at *3.

In *Petrolane-Northeast Gas Service, Inc. v. Brown*,[16] the plaintiff, a seller of liquid petroleum gas, sued the defendants, who solicited orders for the gas and made collections, for defaulting on mortgage payments related to certain real estate. The defendants sought to file third-party claims against hundreds of their gas customers, who were not parties to the mortgage, for defaulting on their payments to the defendants. This Court held that since the third-party defendants were not liable for any part of the plaintiff's claim on the mortgage, they could not be brought in as third-party defendants. By the same token, SWP cannot argue that DelDOT is liable for any part of SWP's alleged fraudulent activity toward TFI—indeed, the Third-Party Complaint does not even assert that DelDOT was aware of the alleged fraud.

In short, SWP's claim that DelDOT acted arbitrarily and capriciously in closing the Right-In Entrance is separate from TFI's claims of fraudulent or deceptive activity by SWP. The fact that TFI may not have brought its claims against SWP had it not been for the closing of the Right-In Entrance does not render SWP's third-party claim against DelDOT proper, any more than the third-party claims against HUD were proper in *Nesmith*. Accordingly, Count I of the Third-Party Complaint must be dismissed.

## B. SWP's Tortious Interference and Inverse Condemnation Claims

Counts II and III of the Third-Party Complaint fail as well because they are separate and independent causes of action. The Court is mindful, of course, that once a proper third-party claim is stated under Rule 14(a), a third-party plaintiff may advance any other claims it may have against the third-party defendant pursuant to

---

[16] 256 A.2d 462 (Del. Super. 1969).

Superior Court Civil Rule 18.[17] Nevertheless, because none of SWP's claims against DelDOT are proper third-party claims, Rule 18 does not apply.

With regard to SWP's claim for tortious interference with contract and business relations,[18] DelDOT's alleged interference with SWP's contract with TFI, and with SWP's business relationship with TFI, has nothing to do with TFI's allegations of concealment and misrepresentation by SWP. Specifically, SWP has not alleged that DelDOT was involved in any way with concealing from, or misrepresenting to, TFI the information about the temporary nature of the Right-In Entrance. Put another way, SWP makes no claim that DelDOT caused or contributed to the breach of contract alleged by TFI in its Second Amended Complaint, *i.e.*, the concealment and misrepresentation previously mentioned.

Finally, even if SWP's tortious interference claim against DelDOT were not separate and independent from TFI's claims against SWP, dismissal of the tortious interference claim would be warranted because SWP fails to allege any element of intent on the part of DelDOT: SWP does not allege that DelDOT intentionally interfered with its contract with TFI, nor does it allege that DelDOT intentionally interfered with SWP's prospective business opportunities with TFI.[19]

---

[17] *Falcon Tankers, Inc. v. Litton Sys.*, 300 A.2d 231, 240 (Del. Super. 1972).

[18] The Court rejects SWP's contention that DelDOT's motion fails to address SWP's claim for interference with business relations. Count II does not delineate between two separate torts, one for interference with contract and the other for interference with business relations, nor does it lay out a clear claim for interference with prospective business relations. In any event, as explained herein, SWP's claim for tortious interference does not qualify as a third-party claim.

[19] *See Anesthesia Services, P.A. v. Tracy Winters, M.D.*, 2013 WL 3352672, at *5 (Del. Super. June 27, 2013) (tortfeasor must have knowledge of contract with which it is interfering and of fact that it is interfering with performance of contract); *Malpiede v. Townson*, 780 A.2d 1075, 1099 (Del. 2001) (intentional interference with prospective business opportunities must be shown).

Turning to Count III, the inverse condemnation count,[20] this claim, again, has nothing to do with TFI's fraud claims against SWP. SWP alleges that DelDOT has improperly deprived it of property interests by closing the Right-In Entrance and by trespassing on SWP's property. This count does not allege that DelDOT is liable for any fraudulent conduct by SWP against TFI. Therefore, this claim must also be dismissed.

### III.  Conclusion

A proper third-party complaint brings in a third party who is or may be liable for all or part of the plaintiff's claims against the defendant/third-party plaintiff. That is not the case here. SWP's claims against DelDOT are separate and independent from TFI's allegations of fraudulent conduct by SWP.

**WHEREFORE**, for the foregoing reasons, DelDOT's Motion to Dismiss SWP's Third-Party Complaint is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
oc.   Prothonotary

---

[20] Inverse condemnation "is a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted." *Brandywine Transmission Servs., Inc. v. Justice,* 1991 WL 35695, at *1 (Del. Super. Mar. 7, 1991). The issues to be decided in an inverse condemnation claim are whether or not a taking has occurred without just compensation and, if so, what compensation is owed. *Id.*